THADDEUS DAVIDS CO. v. DAVIDS et al.

(Circuit Court of Appeals, Second Circuit. April 18, 1910.)

No. 200.

TRADE-MARKS AND TRADE-NAMES (§ 43*)—MARKS ENTITLED TO REGISTRATION—CONSTRUCTION OF STATUTE—PERSONAL NAMES.

Trade-Mark Act Feb. 20, 1905, c. 592, § 5, 33 Stat. 725 (U. S. Comp. St. Supp. 1909, p. 1278), excepts certain marks from those which may be registered as trade-marks thereunder, including any "mark which consists merely in the name of an individual, firm, corporation or association not written, printed, impressed or woven in some particular or distinctive manner or in association with a portrait of the individual. * * * Provided, further, that nothing herein shall prevent the registration of any mark * * * which was in actual and exclusive use as a trade-mark of the applicant or his predecessors from whom he derived title for ten years next preceding the passage of this act." Held, that the purpose of the proviso was to permit the registration of marks not amounting to technical trade-marks where they had been exclusively used as such for more than 10 years and in which the user had thereby acquired property rights. even though within the prohibited classes, unless contrary to public policy, as containing immoral or scandalous matter. etc., and that a personal name which had been so used as a trade-mark for more than 10 years was entitled to registration and protection thereunder.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec Dig. § 43.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Thaddeus Davids Company against Cortland I. Davids and another. Decree for defendants (165 Fed. 792), and complainant appeals. Reversed.

The bill alleges, in substance:

(1) That the complainant is, and for many years has been, the owner of a trade-mark used in interstate commerce.

(2) That in 1906 the complainant duly applied for the registration of said trade-mark in the Patent Office under Trade-Mark Act Feb. 20, 1905.

(3) That a certificate of registration was duly issued to the complainant which is made profert of [By this certificate it appears that the alleged trade-mark consists of the word "Davids' "].

(4) That said trade-mark had been actually and exclusively used by the complainant and its predecessors in business as a mark to distinguish their goods for more than 80 years prior to said registration.

(5) That the defendants have infringed said trade-mark.

The bill also contains allegations of unfair competition; but, as the complainant and the defendant are citizens of the same state, it was conceded that those allegations could not, in themselves, make out a case within the jurisdiction of the court.

The defendants demurred to the bill upon the ground, primarily, that the alleged registered trade-mark was invalid. The defendants also demurred to the prayers for relief.

W. P. Preble, Jr., for appellant.

Emerson R. Newell, for appellees.

J. Edgar Bull, amicus 'curiæ.

Before COXE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). It is manifest at the outset that the personal name "Davids' " is not a valid common-law trade-mark. It is also clear that its registration would have given it no validity as a registered trade-mark under Trade-Mark Act March 3, 1881, c. 138, 21 Stat. 502 (U. S. Comp. St. 1901, p. 3401). In Howe Scale Co. v. Wyckoff, Seamans & Benedict, 198 U. S. 118, 134, 25 Sup. Ct. 609, 612 (49 L. Ed. 972), the Supreme Court said:

"But it is well settled that a personal name cannot be exclusively appropriated by any one as against others having a right to use it; and, as the name 'Remington' is an ordinary family surname, it was manifestly incapable of exclusive appropriation as a valid trade-mark, and its registration as such could not in itself give it validity."

If, then, the name have validity as a registered trade-mark, it is by virtue of the provisions of section 5 of Trade-Mark Act Feb. 20, 1905, c. 592, 33 Stat. 725 (U. S. Comp. St. Supp. 1909, p. 1278). This section is printed in full in the footnote,[1] and the 10-year clause thereof, upon which the complainant relies, follows:

"And provided further, that nothing herein shall prevent the registration of any mark used by the applicant or his predecessors, or by those from whom

---

[1] Sec. 5. That no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark, unless such mark— (a) Consists of or comprises immoral or scandalous matter; (b) consists of or comprises the flag, or coat of arms, or other insignia of the United States, or any simulation thereof, or of any state or municipality, or of any foreign nation: Provided, that trade-marks which are identical with a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trade-mark owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers, shall not be registered: Provided, that no mark, which consists merely in the name

title to the mark is derived, in commerce with foreign nations or among the several states, or with Indian tribes, which was in actual and exclusive use as a trade-mark of the applicant or his predecessors from whom he derived title for ten years next preceding the passage of this act."

The complainant bases its claim upon this provision and alleges specifically that the name in question was a mark which had been actually and exclusively used by it and its predecessors as a trade-mark for more than 10 years next preceding the passage of the act.

The first question, then, is whether a name must be valid as a technical trade-mark to come within the 10-year clause. If this be so, the clause has no force or effect. Technical trade-marks are entitled to be registered under the act regardless of length of use. The owner of a valid common-law trade-mark may register it any time, and he has no greater or less privilege on account of its long use.

There is no necessity for thus construing the 10-year clause so as to render it ineffective. In our opinion there is a distinction between the words "mark" and "trade-mark" as used in the clause. It provides that nothing shall prevent the registration of any "mark" used as a "trade-mark" for more than 10 years. The evident purpose is to permit the registration of marks not amounting to technical trade-marks but which have been long used as such. This is indicated not only by the language of the clause itself, but by the history of the passage of the act through Congress. We fully approve the following language of the Court of Appeals of the District of Columbia in the case of In re Cahn, Belt & Co., 27 App. Cas. (D. C.) 173, 177:

"While this act provided generally for the registration of trade-marks, the fifth section expressly prohibited the registration as trade-marks of immoral or scandalous matter and public insignia. The last proviso of this section which was in the bill when it passed the House of Representatives was amended in the Senate by twice substituting the word 'mark' for the word 'trade-mark' and in inserting in lieu of 'and lawful' the word 'exclusive.' It is clear to us that these changes were made for the purpose of permitting the registration of marks which were not trade-marks, but which had been actually used as trade-marks by the applicants or their predecessors, from whom they derived title, and in which the user had acquired property rights for more than 10 years next preceding the passage of the act.

"The last proviso of section 5, as amended and passed, was not intended to provide for the registration of technical trade-marks, for such marks had been cared for elsewhere in this act."

See, also, In re American Glue Co., 27 App. Cas. (D. C.) 391.

Looking at the question from another point of view, it would seem that Congress in the 10-year clause recognized the principle, so often

of an individual, firm, corporation, or association, not written, printed, impressed, or woven in some particular or distinctive manner or in association with a portrait of the individual, or merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered under the terms of this act: Provided further, that no portrait of a living individual may be registered as a trade-mark, except by the consent of such individual, evidenced by an instrument in writing: And provided further, that nothing herein shall prevent the registration of any mark used by the applicant or his predecessors, or by those from whom title to the mark is derived, in commerce with foreign nations and among the several states, or with Indian tribes, which was in actual and exclusive use as a trade-mark of the applicant or his predecessors from whom he derived title for ten years next preceding the passage of this act.

stated by the courts, that words which through association with products have acquired secondary meanings will be protected although not amounting to technical trade-marks, and intended to permit their registration under certain conditions.

The act makes a mark actually and exclusively used the requisite period entitled to registration as a trade-mark. And if it is entitled to registration it is entitled to protection. We are unable to appreciate the distinction sought to be drawn by the defendant between the right to register a trade-mark and the right to protect it.

If then we were considering the name "Davids'" in relation to the 10-year clause alone, it would seem clear that it comes within its provisions. The name is not a valid common-law trade-mark; but the bill alleges that it is a mark which has for many years been actually and exclusively used by the complainant as a trade-mark. The 10-year clause cannot, however, be separated from the other provisions of the fifth section, which prohibit the registration of certain classes of marks. One possible interpretation of the clause is, therefore, obvious. It may authorize the registration of marks used for the 10-year period provided they are not marks the registration of which is prohibited by other clauses of section 5. This seems to have been the interpretation placed upon the clause in the Cahn Case already referred to. The court said:

"The section had prohibited the registration of immoral or scandalous matter and public insignia as trade-marks, no matter how long the same had been before registered, and the proviso only extended the right of registration to marks not within either of the prohibited classes, if such marks had been in actual and exclusive use as a trade-mark during the 10 years next preceding the passage of the act.

"The 10-year proviso in no wise relates to the applicants' trade-mark for whisky, for the proviso relates only to marks which are not technical trade-marks. Among such marks, the two classes prohibited by the section were not saved by the proviso, and only such marks not prohibited by the section as were in actual and exclusive use for 10 years as a trade-mark were to be admitted to registration.

"The act permitted the registration of all trade-marks not within the prohibited classes. It is plain this proviso in extending to marks not technical trade-marks the right to registration, intended to confine the marks permitted registration to such as would be legitimate trade-marks under this section."

Now a proviso of section 5 prior to the 10-year clause is as follows:.

"Provided, that no mark which consists merely in the name of an individual firm, corporation or association not written, printed, impressed or woven in some particular or distinctive manner * * * shall be registered under the terms of this act."

In view of the numerous decisions holding that a surname cannot be a valid trade-mark—of which law this proviso seems to be declaratory —we see no ground for the contention that it refers only to the full name of an individual or firm. If then the Cahn decision be followed and broadly applied, it would result that the registration of the name "Davids'," being prohibited by the proviso of section 5, was not entitled to registration under the 10-year clause. And were it possible to give any practical effect to the 10-year clause by so doing, we should be strongly inclined to this conclusion. The difficulty is that such interpretation of the section gives practically no effect to such clause.

As already shown, the clause is ineffective when applied to technical trade-marks because they are entitled to registration irrespective of the length of use. As will be shown, it is practically ineffective if it is applied only to marks used as trade-marks the registry of which is not prohibited by the different provisos in section 5. This section provides that the following marks shall not be registered: (a) Marks comprising immoral or scandalous matter; (b) marks simulating flags and coats of arms; (c) trade-marks identical with or resembling those used by others; (d) marks consisting of the names of individuals, firms, etc., when not printed in a distinctive manner; (e) marks descriptive of the character or quality of the goods with which they are used; (f) marks consisting of geographical names or terms.

With the exception of the first three classes, this seems to be a fairly complete list of those marks which manufacturers and dealers use in connection with the sale of their goods and which the courts have held not to constitute technical trade-marks. Manifestly if the 10-year clause does not apply to any of these classes of marks, there is practically nothing left for it to operate upon.

In our opinion, an interpretation of the act which renders the 10-year clause of no practical effect should be avoided unless absolutely necessary. Undoubtedly public policy would prevent the registration as trade-marks of marks consisting of immoral or scandalous matter or of flags or coats of arms. It may well be that the same principle would prevent the registration of trade-marks simulating those used by others. But with respect to names, descriptive words, and geographical terms, we are of the opinion that the proviso prevents their registration if they have been in use for less than 10 years, but that the 10-year clause entitles them to registration if they have been actually and exclusively used for more than that period before the passage of the act.

For these reasons we are unable to broadly apply the language of the Cahn decision to the present case. The bill follows the language of the statute and expressly alleges the actual and exclusive use of the mark for the required period. These allegations standing as true upon the demurrer, we reach the conclusion that it is not well founded. We also reach the same result with respect to the special demurrer to the prayers for relief.

Of course the complainant is not entitled to recover the damages prescribed by the trade-mark act unless it has given notice of the registration as required by the act. But this is a suit in equity in which the damages claimed are merely incidental to the equitable relief demanded, and we are not prepared to hold that it would be impossible, under any circumstances, to grant some measure of relief by way of damages under the complaint as it stands.

With respect to the other ground of demurrer to the prayer for relief, it is sufficient to say that, while upon final hearing the court may not grant such broad relief as is demanded, we cannot say that it is wholly unwarranted by the allegations of the bill.

The decree of the Circuit Court is reversed, with costs, and the cause remanded, with instructions to overrule the demurrers and thereupon proceed in accordance with the rules and practice in equity.