THADDEUS DAVIDS CO. v. DAVIDS et al.

(Circuit Court, S. D. New York.   June 22, 1911.)

1. TRADE-MARKS AND TRADE-NAMES (§ 45*)—NAMES—RIGHTS ACQUIRED BY REGISTRATION—PERSONAL NAMES.

Under the trade-mark act (Act Feb. 20, 1905, c. 592, § 5, 33 Stat. 725 [U. S. Comp. St. Supp. 1909, p. 1278]), which permits the registration of "any mark * * * which was in actual and exclusive use as a trademark of the applicant or his predecessors from whom he derived title for ten years next preceding the passage of this act," any such mark, although, as in case of a proper name, it could not have been the subject of a common-law trade-mark, becomes a valid trade-mark on its registration, and is entitled to the same kind and extent of protection as would be accorded to any other trade-mark.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 53; Dec. Dig. § 45.*

Right to use one's own name as trade-mark or trade-name, see notes to R. W. Rogers Co. v. Wm. Rogers Mfg. Co., 17 C. C. A. 579; Kathreiner's Malzkaffee Fabriken Mit' Beschraenkter Haftung v. Pastor Kneipp Medicine Co., 27 C. C. A. 357.]

2. TRADE-MARKS AND TRADE-NAMES (§ 53*)—NAMES—INFRINGEMENT—WHAT CONSTITUTES.

Infringement of a trade-mark is the use by defendant for trading purposes, and in connection with goods of the kind as to which complainant's exclusive right exists of a mark identical with complainant's or colorably resembling it, although the wrongful imitation need not be exact or perfect, but may be limited or partial.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 61; Dec. Dig. § 53.*]

3. TRADE-MARKS AND TRADE-NAMES (§ 59*)—NAMES—INFRINGEMENT—INJUNCTION.

A complainant which by registration had acquired the exclusive right to use the name "Davids" as a trade-mark for inks *held* entitled to an injunction to restrain a competing manufacturer from using the name "Davids Manufacturing Company," or the word "Davids" displayed at the top of their labels.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68-72; Dec. Dig. § 59.*]

In Equity.   Suit by the Thaddeus Davids Company against Cortlandt I. Davids and others, trading as the Davids Manufacturing Company.   On final hearing.   Decree for complainant.

See, also, 178 Fed. 801, 102 C. C. A. 249.

Mr. Preble, for complainant.

Mr. Newell, for defendants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOUGH, District Judge. The bill herein is in the main for infringement of complainant's registered trade-mark "Davids" as applied to "writing inks of all varieties, hectograph ink, showcard indelible and stamping ink and stamp-pads." United with this cause of action, however, are allegations of "unfair and unlawful competition on the part of defendants," although all parties to the litigation are residents of this state and district. It is therefore necessary to dismiss from consideration all allegations and evidence relating to unfair competition, and to regard the matter not only as one of trade-mark law alone (National Casket Co. v. New York & Brooklyn Casket Co. [C. C.] 185 Fed. 533), but as a trade-mark case in which jurisdiction depends solely on registration under the act of February 20, 1905.

[1] A demurrer herein was before the Circuit Court of Appeals in 178 Fed. 801, 102 C. C. A. 249. The bill of complaint is there sufficiently summarized. The scope of that decision is vitally important now that the cause has come on for hearing upon evidence.

It is understood that that decision held that "Davids," being the name of the founder of complainant's business, could not be "a valid common-law trade-mark," but it might be a "mark used as a trade-mark," and might therefore be registered under section 5 of the trade-mark act of February 20, 1905. It was also declared that the act made "a mark actually and exclusively used for the requisite period (ten years) entitled to registration as a trade-mark," and, finally, it was asserted that, if it be "entitled to registration, it is entitled to protection." It is not declared that the "mark" which is an invalid common-law trade-mark shall be entitled to protection only as a mark; but it is said that "we are unable to appreciate the distinction sought to be drawn by the defendant between the right to register a trade-mark and the right to protect it." It follows from the language of the higher court that, since the "mark" may be registered as a trade-mark and is entitled to protection, it is entitled to protection as a trade-mark, which is equivalent to saying that it becomes a valid trade-mark by registration. This seems to be the congressional intention, for section 5 was amended on February 18, 1911 (Act Feb. 18, 1911, c. 113, 36 Stat. 919), by adding the proviso "that nothing herein shall prevent the registration of a trade-mark otherwise registerable because of its being the name of the applicant or a portion thereof"; and it is also important that the original act in section 29 declares that:

"The term 'trade-mark' includes any mark which is entitled to registration under the terms of this Act and whether registered or not and a trade-mark shall be deemed to be 'affixed' to an article when it is placed in any manner in or upon either the article itself or the receptacle or package or upon the envelope or other thing in, by, or with which the goods are packed or inclosed or otherwise prepared for sale or distribution."

The question presented by this litigation is therefore this: To what measure of relief is one entitled who owns as a valid trade-mark a word which before registration under the statute he could not protect at law, without invoking the doctrine of unfair competition? It is

to be regretted that sharp distinction was ever drawn between that trespass on property rights called trade-mark infringement, and the exactly similar trespass commonly spoken of as unfair competition, but since the distinction has not only become well known, but been made a basis for limiting jurisdiction, it is necessary here to find infringement of trade-mark according to strict rules, if complainant is to be entitled to any relief.

[2] Trade-mark infringement is the use by defendant for trading purposes, and in connection with goods of the kind as to which complainant's exclusive right exists, of a mark identical with complainant's, or colorably resembling it. The wrongful imitation need not be exact or perfect, but may be limited or partial. McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828; Saxlehner v. Eisner, etc., Co., 179 U. S. 19, 21 Sup. Ct. 7, 45 L. Ed. 60. Within these familiar rules, it would seem that any use of the word "Davids" in connection with inks would be infringement, and very interesting questions would arise did the bill seek to enjoin any and every use of defendants' own names in conjunction with the manufacture of an article which is free for all. The bill, however, asks only that defendants be enjoined from the use of complainant's trade-mark in their trade name of "Davids Manufacturing Company," and also from the use of the word "Davids" at the top of their labels in connection with the business of making and selling inks, etc.

[3] Since it has been held that a proper name can under the circumstances here existing become a valid trade-mark, then such trade-mark must receive the same kind and extent of protection as would be accorded to an arbitrary or fanciful name selected for euphony or quaintness, and associated with a particular kind of goods made by a particular person. Thus if complainant's trade-mark were not "Davids," but "Davyne" (an actual word at present wholly unrelated to ink), defendants would plainly not be permitted to sell, advertise, or mark inks as those of the "Davyne Manufacturing Company," nor to use the word "Davyne" prominently upon their labels. Undoubtedly this statute as construed limits some rights heretofore thought to have been secured to all men in respect of the use of their own names, yet such in my judgment is the logical result of the decision first referred to, and the legislative intent as shown by recent amendment. The evidence herein conclusively shows that defendants do display the word "Davids" very prominently at the top of their labels and elsewhere, and transact all their business under the trade name of "Davids Manufacturing Company."

From these acts (in relation to inks) let them be restrained according to the prayer of the bill, which is for an injunction only and not for an accounting.