HUGHES et al. v. ALFRED H. SMITH CO.

ALFRED H. SMITH CO. v. HUGHES et al.

(Circuit Court of Appeals, Second Circuit. November 11, 1913.)

No. 94.

1. TRADE-MARKS AND TRADE-NAMES (§ 44*)—REGISTRATION—PRIOR USE.

In a suit to restrain infringement of a trade-mark consisting of the word "Ideal," as applied to brushes, evidence *held* to warrant a finding that the word was used and understood in the United States as indicating brushes sold by complainant H. and his predecessors, and not brushes made exclusively by P. in England, and that an application for registration of the word as a trade-mark, accompanied by a declaration that it had been used by H. for ten years in his business, was properly granted.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 50–52; Dec. Dig. § 44.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 3*)—PRIOR USE—DESCRIPTIVE WORD.

Where the word "Ideal," as applied to brushes, had been used by H. in his business for ten years prior to the passage of Trade-Mark Act (Act Feb. 20, 1905, c. 592, 33 Stat. 724 [U. S. Comp. St. Supp. 1911, p. 1459]), he was entitled to have the same registered as a trade-mark without reference to whether it was descriptive.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 4–7; Dec. Dig. § 3.*]

3. TRADE-MARKS AND TRADE-NAMES (§ 45*)—REGISTRATION—CERTIFICATE.

Certificate of registration of a trade-mark is sufficient prima facie evidence of compliance with all the regulations enacted therefor, and the burden of showing noncompliance is on him who asserts it.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 53, 59; Dec. Dig. § 45.*]

4. TRADE-MARKS AND TRADE-NAMES (§ 21*)—WORDS SUBJECT TO APPROPRIATION—SPECIFIC OR GENERIC NAME.

Where the word "Ideal," as applied to brushes, was registered as a trade-mark in the Untied States by complainants, and such word had been applied by complainants only to a hairbrush of a particular shape and grade sold by complainant H. and his predecessors, the fact that such word had been applied to a patented brush in England, and that the brush sold by H. and his predecessors under such name had the features of the patented brush, was insufficient to show that the name had acquired a generic meaning to represent the patented article so as to deprive complainants of the right to register the same as a trade-mark.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 24; Dec. Dig. § 21.*]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, entered in favor of complainants restraining infringement of a trade-mark. The trade-mark·was registered June 26, 1908, No. 54,282, being described as "the word 'Ideal'" shown in script, appropriated to brushes; the particular class of brushes to which it is appropriated being stated to be hairbrushes. It was registered by Henry L. Hughes, his application stating that "this trade-mark has been continuously used in his business since December 21, 1886." This business, as the testimony showed, was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

conducted originally by predecessors of Hughes to whose rights he succeeded. The defendant is selling agent in this country of the successors of the original house of Mason Pearson located in England, which manufactures hairbrushes and has sold them here under the name "Ideal." Affirmed.

The opinion of Judge Ray will be found in 205 Fed. 302.

J. L. Stewart, Sidney R. Perry, and Francis X. Brosnan, all of New York City, for appellant.

Otto Horwitz, of New York City, Frank C. Curtis, of Troy, N. Y., and W. J. Rosenstein, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. [1] Judge Ray has exhaustively narrated the facts upon which both sides rely; reference may be had to his opinion for the details of the transaction. In this opinion, unless otherwise indicated the word "Pearson" will be used as including the original Pearson and his successors and the word "Hughes" will be used as including complainant's predecessors in business.

On December 21, 1886, Pearson obtained United States Letters Patent, No. 345,583, for a single bristle rubber cushion "hair or other brush." He had already taken out an English patent for the same device, so that his American patent expired, probably, in 1899. He at once began the manufacture and sale of hairbrushes made in conformity to the patent, in England, under the name "Very." In 1888 one Reid and some other of Hughes' predecessors undertook the selling of like brushes in this country. Reid had talked with Pearson about the matter and an arrangement was entered into whereby Pearson was to sell his brushes, in the United States, solely to Reid and his associates. It was decided that the brushes sold here should be called "Ideal" and it is a controverted question of fact, who selected that name. Complainant's evidence tends to show that it was one of his predecessors. The widow of the original Pearson testified that her husband suggested it to Reid. We do not find her recollection of a conversation listened to many years before she testified especially persuasive; it appears that, whoever suggested the word, it was adopted by Reid and his associates and the first die for stamping on the handle was made here and sent to Pearson. Subsequently another die—containing the word "England," in compliance with Custom House requirements—was made in England. Hughes' predecessors apparently were not the mere consignees or agents of Pearson; they bought the brushes outright and resold them here as a business of their own and they had exclusive license for sale of the same in this country. Without rehearsing the evidence we concur with Judge Ray that the word "Ideal" was used and understood in this country as indicating brushes sold by Hughes and his predecessors, not as brushes made exclusively by Pearson. Application for a registered trade-mark, therefore, accompanied by declaration that it had been used ten years in his business, was properly made by Hughes.

[2] We are satisfied that the word "Ideal" so applied to a brush is not descriptive and therefore was entitled to registration as a trademark. But even if. it were descriptive, it was in use for ten years prior to the passage of the Trade-Mark Act of 1905. It would therefore be entitled to registration under our decision in Thaddeus Davids Co. v. Davids, 178 Fed. 801, 102 C. C. A. 249.

[3] A technical objection is raised to the validity of the registration on the ground that it does not appear that the applicant made oath to the actual use of the mark as a trade-mark. Neither does it appear that he did not make such oath. The certificate of, the office is sufficient prima facie to indicate compliance with all its regulations; the burden of showing noncompliance is on the person asserting it.

[4] Defendant contends that in 1906 the word "Ideal" could not have been appropriated by any one as a trade-mark for the reason that it had been so associated with the patented article as to become the "generic name" of the patented article, so that persons wishing to buy a brush constructed in conformity to the specifications of the patent would express their wish by asking for the "Ideal." This contention is based on Singer v. June, 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118, and similar cases. The difficulty with it, however, is that the facts are different from those in the Singer Case. The only use of the word "Ideal" was specific, not generic; it was applied to a hairbrush of a particular shape and of a particular grade sold by Hughes' predecessors. Irrespective of what happened in England, the testimony shows that during the life of the patent Hughes himself sold here a cheaper grade of the patented brush under the mark "Hughes," also another variety of the patented brush, known as military brushes, which were not stamped "Ideal." Brushes in shape exactly like the "Ideal" and "Hughes," manufactured by Pearson and marked "Very," were sold in England, sent over here by the purchaser, and sold in this market as "Very" brushes. Customers who knew and liked the "Hughes" brush, or the "Very" brush, and who wished to purchase another, would presumably ask for it by the only name they knew, "Hughes" or "Very." Purchasers of military brushes would ask for them in some way which would indicate that they wanted such brushes made in accordance with the patent like those they had bought before. Certainly these purchasers would not ask for "Ideal," although it was a brush having the features of the patent, which they wanted. Under these circumstances we do not see how it can be found that, during the life of the patent the name "Ideal" became the "identifying and generic name of the thing patented."

On all other points covered by his opinion we concur generally with Judge Ray.

The decree is affirmed, with costs of this appeal.