WARNER BROS. CO. v. WIENER.

(Circuit Court of Appeals, Second Circuit. April 28, 1914.)

No. 271.

1. Trade-Marks and Trade-Names (§ 59.*)—Infringement—Names.

The use by defendant, in connection with the sale of corsets, of his name, "Wiener's," printed in heavy black letters, was not an infringement of plaintiff's registered trade-mark, consisting of the name "Warner's," printed in heavy black script; and hence, where defendant was enjoined from using his name, printed in script or any type so nearly resembling the style of type employed in plaintiff's trade-mark as might be calculated to deceive, the court did not err in refusing to also enjoin him from using his name in any style of type unless accompanied by his given name.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72; Dec. Dig. § 59.*

Right to use one's own name as trade-name, see notes to R. W. Rogers Co. v. Wm. Rogers Mfg. Co., 17 C. C. A. 579; Kathreiner's Malzkaffee Fabriken Mit Beschraenkter Haftung v. Pastor Kneipp Medicine Co., 27 C. C. A. 357; Borden Ice Cream Co. v. Borden's Condensed Milk Co., 121 C. C. A. 205.]

2. Trade-Marks and Trade-Names (§ 73*)—Unfair Competition—Right to Use Name.

Unfair competition cannot be predicated on the use of a name which defendant has a perfect right to use.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 84; Dec. Dig. § 73.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Lacombe, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from an order of the District Court for the Southern District of New York which granted a preliminary injunction restraining the defendant from selling or offering for sale corsets having thereon, or on the boxes containing the same, the name "Wiener's" printed in the style of type shown in complainant's registered trademark "Warner's" or in any such near resemblance thereto as might be calculated to deceive. The order concludes as follows:

"The motion is denied in so far as it asks that the defendant be restrained from using the name 'Wiener's' in connection with the sale of corsets, irrespective of the style of type in which said name is printed unless the name is accompanied by the defendant's given name 'David.' "

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The error assigned is that the court erred in refusing to grant an injunction restraining the defendant from using his name in connection with the sale of corsets irrespective of the style of type in which the said name is printed unless accompanied by the name "David."

Seabury C. Mastick, of New York City, for appellant.

John Bogart and Isidore Weckstein, both of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. [1, 2] The complainant moved in the District Court for a preliminary injunction restraining the defendant from using his name in connection with the sale of corsets which the complainant contends infringes its registered trade-mark. This trade-mark consists of the name "Warner's" printed in heavy black script. The defendant printed his name in similar black script in such a way that a purchaser might easily mistake it for that of the complainant. Both parties are engaged in selling corsets. The District Court enjoined the defendant from using his name printed in script and said in its opinion that the defendant must not use script "but must use plain type not similar to the script used by Warner."

This is exactly what the defendant has done. He now prints on his boxes in heavy black letters his name WIENER. It is this use of his name which the complainant seeks to enjoin. We think there is no merit in this contention. The defendant's name is Wiener, he is a corset maker, he has a right to make corsets and to use his own name in the business. The name as now used by him is as different from the name "Warner's," as it appears in the trade-mark, as it well can be. Assuming that he has a right to do business in his own name he could hardly differentiate the names more clearly. His name is not printed in script but in heavy black print and the only resemblance between the two names is the inherent similarity between the names Warner and Wiener. There is, therefore, no infringement of the trade-mark. Of course, unfair competition cannot be predicated of the use of a name which the defendant has a perfect right to use.

The order is affirmed.

LACOMBE, Circuit Judge (dissenting). This suit originally involved a charge of pirating trade-mark, and also a charge of unfair competition in printing the trade-mark in such type, etc., as to mislead purchasers. The latter branch of the case is not now here; relief as to the style of printing was given below, and no cross-appeal was taken.

The registered trade-mark is the word "Warner's." It is not the word printed in any particular way. The *statement* says that "the trade-mark consists of the word 'Warner's,' that it is appropriated to corsets and that it is usually displayed on the packages containing the goods" by placing thereon a printed·label on which the same is shown. In the opinion of this court in the Davids Case (April 18, 1910) 178 Fed. 801, although in that case the *statement* said that the applicant

had adopted for its use the "trade-mark shown in the accompanying drawing," it was held that the trade-mark was the name, not the particular way of printing it shown in that drawing. It follows that the registered trade-mark here is the word "Warner's," irrespective of the type it is printed in.

With the decision in the Davids Case (April 18, 1910) 178 Fed. 801, which reversed me, I fully concur. I had overlooked entirely the act of 1905 (Act Feb. 20, 1905, c. 592, 33 Stat. 724 [U. S. Comp. St. Supp. 1911, p. 1459]). Under the act of 1881 (Act March 3, 1881, c. 138, 21 Stat. 502 [U. S. Comp. St. 1901, p. 3401]) the name alone could not be registered as a trade-mark. But under the later act, as was pointed out in the opinion of this court, the name could be so registered and when registered became entitled to protection. The later Davids decision (January 8, 1912) held, however, that another Davids was not cut off from using his own surname provided he differentiated it from the "Davids" trade-mark; and it was further held by a majority of the court that such differentiation was secured when he printed his full name "Cortland I. Davids" on one part of the label and "Davids Manufacturing Company" on another part of it. Under the earlier Davids decision it seems manifest that "Warner's" is a registered trade-mark owned by complainant and for which it may claim protection. It seems equally manifest under the later decision that defendant may sell his goods under his own name, provided he states such name in full "David Wiener's" or couples it with some other words such as "Wiener's Manufacturing Company," which will tend to avoid confusion.

I fail to see how the complainant in this cause can be refused the same measure of relief which was granted to the complainant in the Davids Case, unless the decision of this court in that case, construing the act of 1905, is reversed. Since I think that decision was correct, I must dissent from the opinion of the majority of the court in the cause at bar.