### BURT et al. v. SMITH.

(Circuit Court of Appeals, Second Circuit. December 17, 1895.)

1. INFRINGEMENT OF TRADE-MARK.

The mere use by defendants of their own firm initials, "B. & S.," upon articles sold by them, is not an infringement of a registered trade-mark for the two letters, "S. B.," arranged in that order.

2. FEDERAL JURISDICTION—FRAUD ON PUBLIC.

The fact that the similarity between goods manufactured by defendants and complainants is such as to show an intent by the latter to deceive the purchasing public is not ground for the assumption by the federal court of jurisdiction of a suit to restrain defendants.

Appeal from the Circuit Court of the United States for the Northern District of New York.

Suit by William W. Smith against Alfred H. Burt and another. From an order granting a preliminary injunction restraining them from continuing the alleged infringement of the trade-mark rights of complainant, defendants appeal. Reversed.

Noris Morez, for appellants.

Seward Davis, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge.    Complainant is a citizen of Pough-keepsie, N. Y., doing business under the name of Smith Bros.    He is the successor of the original firm of that name, comprising himself and his brother, Andrew Smith, who died in October, 1894.    The business of the firm and of the complainant has been and is the man-ufacture and sale of cough drops.    For 18 years last past the cough drops manufactured and sold by them have been of uniform size, color, and form, stamped on one side with a star, and on the other side with the letters "S. B.," with a bar above and below the letters. These cough drops have during the same period been put up and offered for sale in a uniform style of box or package, of a certain size and shape.    On the top of the box appear two bust portraits of male figures, representing the members of the original firm,—one portrait opposite the other.    Over the top of these vignettes are printed the words "Smith Brothers," and between the vignettes the letters "S. B.," with a line beneath them, the words "Cough Drops," and the statement that "S. B." is stamped on each drop; also, the words "Poughkeepsie, New York," and on a lower line the word "Trade-Mark."    The letters "S. B." are the initials of the firm name, "Smith Brothers."    On the bottom of the box is printed a statement of the merits of the compound, and directions for use.    The form, size, color, and markings of the drops, and the shape, style, letter-ing, and ornamentation of the packages, are claimed to be the trade-mark or designation of the articles manufactured by complainant. On January 28, 1892, the original firm applied to the patent office for registration of portions of their trade-mark, and obtained regis-tration therefor by patents No. 20,907, March 29, 1892, and No. 22,-294, January 3, 1893.    The first of these contains a fac simile of the top of the box, with a full description thereof.    Then follows the statement that "all of the matter, with the exception of the portraits, may be omitted, and other matter substituted, * * * without ma-terially altering the character of the trade-mark, the essential fea-ture of which * * * consists of two bust portraits of male fig-ures, representing the Smith Brothers, the registrants."    The other patent of registration, No. 22,294, in like manner sets forth a fac simile, and a full description, of the top of the box.    Then follows the statement that "the name Smith Brothers, the portraits, the words 'Cough Drops,' and the matter following the words 'Cough Drops,' may be omitted, and other matter substituted, without ma-terially altering the character of the trade-mark, the essential fea-ture of which * * * consists of the letters 'S. B.'"    The de-fendants, Alfred H. Burt and Joseph J. Sindele, are citizens of New York, carrying on business as partners at Buffalo, in that state, un-der the firm name of Burt & Sindele.    They are confectioners, and manufacture and sell cough drops which they mark "B. & S.," and offer to the public in packages or boxes upon which the letters "B. & S." are prominently printed.    No bust portraits appear on their packages, and complainants, therefore, have sued them for infringe-ment, not of registered trade-mark No. 20,907, but of No. 22,294.

The trade-mark statute (act of March 3, 1881) provides in its third section that no alleged trade-mark shall be registered which is merely

the name of the applicant; and defendants contend that this provision forbids the registration, as a trade-mark, of letters which are merely the initials of such name. It is unnecessary to pass upon such contention in this case, for it seems too plain for argument that if the trade-mark registered is only for the two letters "S. B.," arranged in that order, it is not infringed by the mere use of the combination "B. & S."

Complainant seeks to rely upon other facts than the mere use by defendants of their own firm initials, "B. & S." He points out similarities in the form, size, and color of the drops, in the arrangement of the package, in the text and style of the directions for use, and other details tending, as he claims, to show an intent to deceive the purchasing public. It is apparent from the opinion of the judge who heard the case in the circuit court that it was these similarities which induced him to grant the motion for preliminary injunction. But these matters are immaterial to the question presented in this suit for the determination of a federal court. The complainant and defendants are all citizens of the same state. The federal court can take jurisdiction, therefore, only of the question whether the registered trade-mark declared upon has been infringed, and that trade-mark solely for the two letters "S. B.," without any designation of style or type, position on the cover, or association with other elements of dress or decoration. The order appealed from is reversed, with costs.