ONONDAGA INDIAN WIGWAM CO. v. KA–NOO–NO INDIAN MFG. CO. et al.

(Circuit Court, N. D. New York. November 4, 1910.)

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—MULTIFARIOUSNESS OF BILL.
　　Where the acts of defendant alleged in a bill constitute an infringement of complainant's patent, and also unfair competition in trade, relief on both grounds may be sought and granted in the same suit without rendering the bill multifarious.
　　[Ed. Note.—For other cases, see Patents, Cent. Dig. § 518; Dec. Dig. § 310.*]

2. COURTS (§ 263*)—JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.
　　In such case, the cause of action for infringement gives a federal court jurisdiction of the suit, and to grant any relief to which complainant may be entitled on either ground.
　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 799, 800; Dec. Dig. § 263.*
　　Jurisdiction of federal courts in suits relating to patents, see note to Bailey v. Mosher, 11 C. C. A. 313.]

3. PATENTS (§ 129*)—SUIT FOR INFRINGEMENT—ESTOPPEL TO DENY VALIDITY.
　　Where the assignor of a patent organized a corporation for the purpose of making and selling an article which is an infringement of the patent and an imitation of the patented article made and sold by his assignee,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of which corporation he is manager, and in which he is interested, although he does not appear as a stockholder, the corporation equally with the assignor is estopped to deny the validity of the patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 182½–186; Dec. Dig. § 129.*]

In Equity. Suit by the Onondaga Indian Wigwam Company against the Ka-Noo-No Indian Manufacturing Company and John B. Welch. On motion for preliminary injunction and demurrer to bill by defendants. Demurrer overruled, and motion sustained.

Howard P. Denison, for complainant.
Parsons, Hall & Bodell, for defendants.

RAY, District Judge. The acts of the defendants complained of and alleged in the bill of complaint constitute an infringement of the complainant's patent and also unfair competition in trade. They result in two wrongs, and one question is: Can the facts be proved and the unlawful and wrongful acts enjoined in one action? It is impossible to separate the acts constituting the infringement from those amounting to unfair competition in trade. You cannot allege the one fully without alleging the other if you allege the patent and the invasion of the rights granted thereby. If you allege the patent and infringement thereof and set out the acts of infringement in full, you have set out substantially all the acts constituting unfair competition in trade, and the question is: May you allege that such unlawful acts constitute not only infringement, but unfair competition, and demand a decree enjoining their continuance? Jurisdiction in the Circuit Court of the United States is based on infringement of the patent. There is no diversity of citizenship. This court would not have jurisdiction of acts constituting unfair competition if there were no patent or acts constituting infringement of such patent. But a bill of complaint in the Circuit Court of the United States may set up all the facts constituting and resulting in the wrong complained of, and even if such acts, when alleged, present federal questions and state and local questions and such questions are entirely separate from each other, the Circuit Court gains jurisdiction by reason of the presence of the allegations raising questions of federal cognizance, and, having jurisdiction, may proceed to hear the entire case and decide all the questions in the case and may decide or pass upon the federal questions or leave them undetermined and pass upon the local or state questions alone. And in such case the Circuit Court may decide the federal questions adversely to the complainant, and then pass upon and decide the case in favor of the complainant on the state or local questions alone. This is precisely what was done in Siler et al. v. Louisville & Nashville Railroad Co., 213 U. S. 175, 29 Sup. Ct. 451, 53 L. Ed. 753. In that case the Kentucky Railroad Commission, by order, imposed a general maximum intrastate tariff schedule, and it was alleged that such tariff schedule was unconstitutional and void as being in violation of the Constitution of the United States, and also that it was void as beyond the power of the commission under the

act of the Legislature of the state of Kentucky to make. The court, after stating the federal questions, said:

"The bill also contained the averment that the order of the Railroad Commission of Kentucky in making a general schedule of maximum rates for the railroads mentioned in its order was invalid, as unauthorized by the statute. This is, of course, a local or state question. The federal questions as to the invalidity of the state statute, because, as alleged, it was in violation of the federal Constitution, gave the Circuit Court jurisdiction, and, having properly obtained it, that court had the right to decide all the questions in the case, even though it decided the federal questions adversely to the party raising them, or even if it omitted to decide them at all, but decided the case on local or state questions only."

In that case the wrong complained of was the imposition and enforcement or attempted enforcement of general maximum rates for the transportation of all commodities upon all railroads to and from all points within the state of Kentucky. The bill alleged that the enforcement was illegal, for the reason it was or would be confiscatory of property, and in violation of the Constitution of the United States for several reasons, and also that under the statute of the state in question the commission had no power to impose and enforce it. If suit had been based on the latter ground alone, the Circuit Court would have had no jurisdiction, there being no diversity of citizenship, but the state court would have had. So here the wrong to complainant is the taking away or impairment of its right to make and sell a certain article of commerce which right it gained in two ways: (1) By virtue of the patent and the adoption under it of a certain form and construction of such article; and (2) by making it of that form and building up a large trade such article coming to be known as of the complainant's make. The bill says that, for these reasons and under the patent, it had the exclusive right to make and sell the article, presenting a federal question which gives the Circuit Court of the United States jurisdiction; and, second, the bill says that having made the article in this form, etc., it came to be known to the trade as of complainant's make, and that defendants have no right to make the same article in imitation of complainant's and put it on the market, and so take away or destroy complainant's trade and business in that article. If complainant's patent is valid, the defendants had and have no right to do what it is alleged they did do and are doing; and, if the patent is invalid, the defendants had and have no right to do what they did do and are doing. In the Siler Case, supra, if the law of the state authorized the act of the commission, but violated the Constitution of the United States, then the acts were illegal and void and could be enjoined, and if, on the other hand, there was no violation of the Constitution and the acts were not authorized, such acts were illegal and void, and could be enjoined. I can discover no difference in principle between the two cases; no reason why the Siler Case is not applicable and pertinent here. The law does not encourage a multiplicity of actions to right a wrong, and I can discover no reason, in view of the Siler Case, why the complainant must pursue his case for infringement in the federal court and his case for unfair competition in the state court. This very question was before the Circuit Court of Appeals, Sixth Circuit, Lurton, Day, and Severens,

Circuit Judges, Lurton and Day being now of the Supreme Court of the United States. Globe-Wernicke Co. v. Fred Macey Co., 119 Fed. 696, 703, 56 C. C. A. 304. That court held, speaking of a bill which alleged both infringement of a patent and unfair competition in trade in selling the alleged infringing article:

"The bill was not founded on two separate matters or transactions. The conduct of the appellee complained of consisted of the same acts. The legal qualities of those acts were in some respects different, and the result was that the facts presented a double aspect. It is upon this consideration that such a bill can be sustained against an objection that it is multifarious."

In that case the bill charged infringement and also unfair competition in trade, as is done here. A demurrer to the bill, so far as it charged unfair competition, was sustained, but later an amendment was allowed again charging the unfair competition. The evidence was taken on both aspects of the bill; a demurrer to the amended bill having been interposed, but not decided. On the final hearing, the bill was dismissed by the Circuit Court, which held that the patent was invalid and the demurrer to the unfair competition charge was sustained. The Circuit Court of Appeals held that the patent was invalid, but also held (see language quoted) that the bill was not multifarious. The court examined and decided the charge of unfair competition on the merits as alleged in the bill, and held that it was not sustained by the allegations, and so affirmed the decree dismissing the bill. This is a clear authority for holding that the bill is not multifarious. The demurrer is overruled.

On the question of preliminary injunction, the patent has not been adjudicated. However, it was issued to Edward I. Rice, inventor, assignor of one half to John B. Welch, one of the defendants, January 10, 1905. Subsequently, in execution of an agreement so to do and for a valuable consideration, Welch assigned to the complainant. Of course, Welch is estopped to set up and show the invalidity of the patent in the hands of his assignee. But Welch is the manager of the Ka-Noo-No Indian Manufacturing Company, and, so far as appears, holds no stock in that company. His wife does. After Welch was compelled to assign pursuant to his agreement so to do, he procured the organization of this defendant company, and I am satisfied that it was done in his interest and for his benefit, and with the intent and purpose on the part of all concerned to do what has been done; that is, infringe the patent in suit, No. 779,500, dated January 10, 1905, disregard it, make and put on the market a substantial copy, and gain for the defendants and take from the complainant, a large share or a share of the trade in this particular shape and style of tent made in this simple and portable manner. It is a simple construction, but a new construction for a tent. It is useful. The only change of moment is in the headpiece which receives the poles. This is made of iron—consists of a casting and has inclined sockets. I do not find it necessary to pass on the validity of the patent. Welch, one of the patentees, owning a half interest, sold it to complainant, and cannot allege its invalidity as a defense to his infringing acts. Individuals who combine with him to infringe and aid him in his wrongdoing are also estopped to deny its validity. That this wrong is done un-

der the guise and cover of a corporation does not prevent this court from reaching the wrong and stopping it—preventing its continuance by an injunction against the corporation and its officers. There may be no precedent for this case and this action. It may be that no combination of this character for such a purpose has been formed heretofore.

But this is no reason why a court of equity cannot enjoin a corporation engaged in infringing a patent from continuing the wrong, or for holding that the corporation is not estopped from denying the validity of such patent, when the ones who hold the stock and formed the corporation and are engaged in running it are estopped, especially when, as here, it appears that such persons formed the corporation for the express purpose of aiding another in infringing on complainant's rights and as a cover for such infringement and to avoid the estoppel. Johnson Furnace & Engineering Co. v. Western Furnace Co. (C. C. A.) 178 Fed. 819. The intent and purpose of men in doing certain acts may properly be inferred from the interest, the acts, and the mode and manner in which they act and the time when and place where done.

Every equity demands that this motion be granted, and it is so ordered.