ROSS v. H. S. GEER CO.

(Circuit Court, N. D. New York. July 3, 1911.)

1. COURTS (§ 292*) — FEDERAL COURTS — JURISDICTION — TRADE-MARKS AND TRADE-NAMES.

If acts constituting infringement of a trade-mark and other acts constituting unfair competition in trade are independent, though relating to the same article, each set of acts is a separate cause of action, of the former of which a federal Circuit Court has jurisdiction, but not of the latter, both parties being residents of the same state; but, where the wrongful acts are not distinct, unfair competition as well as infringement of the trade-mark may be enjoined in the same suit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 834; Dec. Dig. § 292.*]

2. COURTS (§ 292*) — FEDERAL COURTS — JURISDICTION — TRADE-MARKS AND TRADE-NAMES.

A federal Circuit Court, in a suit to enjoin infringement of a trade-mark, cannot enjoin future acts amounting to unfair competition only.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 834; Dec. Dig. § 292.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Suit by William Ross against the H. S. Geer Company. On motion to modify a preliminary injunction. Motion granted.

Frank C. Curtis, for complainant.

John W. Roberts (John T. Norton, of counsel), for defendant.

RAY, District Judge. The parties are both residents and citizens of the state of New York. The complainant has a valid registered trade-mark, "Trojan," duly registered after 10 years' appropriation and exclusive use. He applied it to an ice cream disher or spoon, dipper or ladle, for accurately measuring the amount of ice cream taken up thereby and so constructed as to remove the contents into another receptacle without adhering to the disher or spoon. It was also so constructed as to be easily and thoroughly cleansed. This spoon or ladle is of simple construction and has a distinctive and an attractive appearance. It was called and known as the "Gem." It was well known in the trade and known as of the complainant's make independent of the trade-mark, "Trojan," used or placed thereon, but especially when that name was found thereon. The complainant used this name "Trojan" on other goods of the same class made and sold by him.

Prior to the commencement of this action, the defendant, or the company who manufactures, the defendant being a dealer only, it is said, commenced manufacturing and selling an ice cream dipper, spoon, disher, or ladle, used for the same purpose, and which, as to the bowl and some of its parts, resembled the spoon of the complainant. This had: "Clipper Disher, Pat. Feb. 7, 05. Geer Mfg. Co., Troy, N. Y."—on the handle. A later one, more nearly resembling complainant's spoon or disher, had on the handle: "New Clip Disher, Pat. Pend. H. S. Geer Co., Troy, N. Y." Later, and before the commencement of this suit, the defendant put out another dipper or ladle approaching very much nearer to the general form, construction, and appearance of the complainant's spoon or disher, and on the handle of this defendant put the words, "Trojan Disher," and on the reverse side, "H. S. Geer Co., Troy, N. Y." Later defendant put on the market an almost exact duplicate of the complainant's spoon or disher with the same marks, and later one that merely omitted the complainant's trade-mark on the dipper or ladle itself, but which when offered for sale and sold had on the box containing it the words: "Trojan Ice Cream Disher. Cup Shape. H. S. Geer Co., Troy, N. Y." And also, "Directions for cleaning Trojan Spoons."

The defendant was clearly infringing the complainant's trade-mark

"Trojan" and was clearly making and selling a substantial duplicate of the complainant's dipper or ladle and taking a substantial part of his trade and injuring him in his business. The defendant's spoon or ladle as finally made and put on the market was such a close imitation or duplication of complainant's spoon or ladle that, regardless of the trade-mark, it would be easily taken and purchased for the spoon or ladle of complainant's make, and confusion did occur. In short, defendant by so making its spoon or ladle in the form and style of complainant's and putting on same the word "Trojan" was clearly passing off its spoon or ladle as that of complainant's make and intending so to do, and in so doing was not only guilty of infringement of the trade-mark, but of unfair competition in trade. The defendant's spoons or ladles were made by one process, and the infringement of the trade-mark and the construction were parts of one act and related to this one article. The single purpose of these acts was to get complainant's trade. The complainant brought suit alleging the facts and characterizing them as both infringement of the trade-mark and unfair competition in trade and applied for a preliminary injunction restraining or enjoining such acts which resulted in a single wrong and damages, viz., the impairment of complainant's trade by passing off on the public the spoon or disher of defendant's make as those of complainant's make. The injunction order was granted and has not, at this time, been appealed from. Thereupon, on the commencement of this action, the defendant wholly ceased to use the complainant's trade-mark, "Trojan," in any place or way. It did not longer place it on the spoon or ladle or on the package containing it or in its advertisements. In short, defendant ceased to infringe the trade-mark, but desires to make or to sell the dippers, spoons, or ladles made in such close imitation of complainant's dippers, spoons, or ladles as above described.

The injunction order contains a clause which enjoins the defendant from making or selling or offering for sale any dipper, spoon, or ladle made in such close imitation of the complainant's dipper, spoon, or ladle as to deceive the public or cause the one to be taken or purchased as the other, etc.; in short, it enjoins the defendant from committing acts in the future in reference to this article which amount to unfair competition in trade with respect thereto, but which acts will not infringe the complainant's trade-mark inasmuch as what defendant proposes to do and desires to do will not use the word "Trojan" in any way. The dipper or spoon defendant desires to make is called "New Troy Cup Disher," instead of "Trojan."

Is the injunction broader and more comprehensive than the facts justify, the power and jurisdiction of this court in the premises considered? As the parties are all citizens of the state of New York, this court has no jurisdiction of an action for unfair competition in trade pure and simple. It does have jurisdiction of an action between these parties for infringement of the trade-mark.

[1] If acts constituting infringement of a trade-mark and other acts constituting unfair competition in trade are separate and independent acts, even though they all relate to the same article of manu-

facture, each set of acts constitutes a separate and a distinct cause of action, of one of which this court has jurisdiction and of the other of which it has no jurisdiction. In such a case this court could not take jurisdiction of the acts amounting to unfair competition only for the reason it has jurisdiction of the other separate and distinct acts amounting to infringement of a trade-mark. But when the wrongful acts are not separate and distinct, but are all done together as one whole, or one act, as was the case here, then the facts may be alleged and proved and the wrongful acts enjoined. The complainant should not be compelled to separate the one act into parts and allege and prove in the Circuit Court of the United States those parts of the act which constitute infringement of the trade-mark and allege and prove in the state court those parts of the same act which amount to unfair competition in trade, thus resorting to two tribunals to right one wrong, the impairment of his business by the diversion of a part thereof by another. The Circuit Court of the United States, having jurisdiction of the parties and of the subject-matter for the purpose of enjoining the infringement of the trade-mark, may also enjoin all wrongful acts done in connection with the infringement which augment and aggregate the wrong. Globe-Wernicke Co. v. Fred Macey Co., 119 Fed. 696, 703, 56 C. C. A. 304; Siler et al. v. Louisville, etc., R. Co., 213 U. S. 175, 29 Sup. Ct. 451, 53 L. Ed. 753.

In the Globe-Wernicke Case, supra, the court, Lurton, Day, and Severens, said:

"The bill was not founded on two separate matters or transactions. The conduct of the appellee complained of consisted of the same acts. The legal qualities of those acts were in some respects different, and the result was that the facts presented a double aspect. It is upon this consideration that such a bill can be sustained against an objection that it is multifarious."

[2] But can the court enjoin the doing of acts in the future not done in connection with and as a part of the infringement of the trade-mark or of an infringement thereof for the reason the same acts substantially have been done heretofore in connection with infringement of the trade-mark? If, having jurisdiction for one purpose, the court may retain and exercise jurisdiction for every purpose, still that purpose or those purposes must be to enjoin or restrain some act or acts done in connection with the acts creating the cause of action which gave the court jurisdiction. But may the court extend its jurisdiction to and over future acts which have no connection with an infringement of the trade-mark? In short, I doubt that in this action the court can enjoin the doing of acts by the defendant in the future which, if done, will amount to unfair competition in trade only. Saxlehner v. Eisner & Mendelson Co., 179 U. S. 19, 37, 41, 21 Sup. Ct. 7, 45 L. Ed. 60, is a case where the trade-mark was infringed and the shape of bottles and color of labels copied and the whole wrong was righted. In Saxlehner v. Eisner, 147 Fed. 189, 77 C. C. A. 417, the last headnote reads:

"That a corporation, and, through it, its officers, agents, and servants, had been enjoined from further infringing complainant's trade-marks, and from conducting a business campaign of unfair competition, did not preclude com-

plainant from. obtaining an injunction restraining certain of the officers in their individual capacity from performing such unwarranted acts."

As a condition of modifying the injunction, the defendant offers to give a bond to pay all damages, etc., awarded against it in the action and to keep an account of its sales. There will be an order modifying the injunction so as to permit the defendant to make and sell its ice cream dippers, ladles, or spoons which do not bear the word "Gem" or "Trojan" in any form or combination on the article itself or on the package or packages containing it and which are not advertised as the Trojan spoon, dipper, or ladle, provided it executes and files a bond to complainant in the sum of $5,000, conditioned to pay all costs and damages awarded against it in case the court finally holds that it has power in this action to enjoin the future making and sale of dippers or spoons of the character mentioned entirely disconnected from any infringement of the trade-mark "Trojan," and also keeps an account of its sales to be rendered to this complainant if directed so to do.