THADDEUS DAVIDS CO. v. DAVIDS et al.

(Circuit Court of Appeals, Second Circuit. January 8, 1912.)

No. 128.

1. TRADE-MARKS AND TRADE-NAMES (§ 64*)—REGISTERED TRADE-MARK—IN-FRINGEMENT.

Where one of the defendants was a lineal descendant of the original "Davids" who established complainant's business, such defendant was entitled to engage in the manufacture and sale of ink and use his own name in that business, notwithstanding complainant was previously engaged in selling inks under the name "Davids" as a registered trade-mark.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 75; Dec. Dig. § 64.*

Right to use one's own name as trade-name, see notes to R. W. Rogers Co. v. Wm. Rogers Mfg. Co., 17 C C. A. 579; Kathreiner's Malzkaffee Fabriken Mit Beschraenkter Haftum v. Pastor Kneipp Medicine Co., 27 C. C. A. 357.]

2. TRADE-MARKS AND TRADE-NAMES (§ 59*)—USE OF INDIVIDUAL NAME—LIA-BILITIES.

Where one of the defendants, who was a lineal descendant of the original "Davids" who established complainant's business, was entitled to use his family name in his business, notwithstanding it had been copyrighted by complainant, his use thereof at the top of a label placed on his goods, and the use by defendants of the name "Davids Manufacturing Company" on the bottom of their labels, was not an infringement of complainant's registered trade-mark "Davids."

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 59.*]

Noyes, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Action by the Thaddeus Davids Company against Cortlandt I. Davids and another, trading as the Davids Manufacturing Company, for

infringement of a registered trade-mark. From a judgment in favor of complainant (190 Fed. 285), defendants appeal. Reversed.

Emerson R. Newell, for appellants.
W. P. Preble, Jr., for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. [1] We have held that the surname "Davids" was a valid trade-mark under the ten-year clause of the act of 1905 (Act Feb. 20, 1905, c. 592, 33 Stat. 724 [U. S. Comp. St. Supp. 1909, p. 1275]). Davids v. Davids, 178 Fed. 801, 102 C. C. A. 249. The question now to be considered is—Do the defendants infringe? We see no reason why the defendant, Cortlandt I. Davids, who is a lineal descendant of the original Davids, who established the complainant's business, may not engage in the manufacture and sale of ink and use his own name in the business. He has the same right to use his own name as if it were Jones or Smith. Howe Scale Co. v. Wyckoff, 198 U. S. 118, 25 Sup. Ct. 609, 49 L. Ed. 972. Indeed, this right is expressly conceded by the bill.

[2] The contention of the complainant is that though the defendant may use his name, Cortlandt I. Davids, on the label, he has no right to use it at the top of his label, which, in all other important respects, is dissimilar to the complainant's labels. It must be remembered, however, that we are not dealing with a case of unfair competition, but with the case of a registered trade-mark pure and simple, the trade-mark consisting of the single word "Davids." The use of this word is not limited to any particular position on the label and it is impossible to conceive that its position at the top of the label will be an infringement and its use at the bottom, or in the middle of the label, will not infringe. It follows, therefore, that the conceded right of the defendant to use his name cannot be unlawful if used at the top of his label. If he has a right to use his own name in business he has a right to use it anywhere. He has a right to place it where the proof shows it is generally placed by the manufacturers of ink, namely, at the top of his label. The location of the trade-mark is not an element, especially where no mention of the location is made in the statement or declaration. The "statement" says upon this point that:

"It is customary to print the mark upon the labels which are attached to the receptacles containing the goods."

The use by the defendants of the words "Davids Manufacturing Company" at the bottom of their label is not, in our judgment, an infringement of the registered trade-mark. The complainant has, we think, confused its right of action which is for infringement of its trade-mark with an action for unfair competition. We have no jurisdiction of the latter action as the parties are all citizens of the state of New York. If the complainant is satisfied that it can maintain an action for unfair competition, it should present it to the courts of New York which alone have jurisdiction.

The decree is reversed with costs.

NOYES, Circuit Judge (dissenting). We have held that the complainant has a valid registered trade-mark in the name "Davids." This requires us to hold, as it seems to me, that the prominent use of the same name in the same business by the defendants should be enjoined. If the decision of the majority be well founded, we meant little in saying in our original opinion that if a mark "is entitled to registration it is entitled to protection." It must now be accepted that while surnames may become valid registered trade-marks, they are infringed only by the use of the name standing by itself; there is no latitude in protecting them and they can be practically appropriated with impunity.