SPRIGG v. FISHER.

(District Court, D. Maryland. April 29, 1915.)

1. COURTS ⬤═292—UNITED STATES COURTS—JURISDICTION—UNFAIR COMPETITION.

A federal court has no jurisdiction of a suit between citizens of the same state for unfair competition carried on otherwise than by the infringement of a registered trade-mark.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 834; Dec. Dig. ⬤═292.]

2. TRADE-MARKS AND TRADE-NAMES ⬤═57—INFRINGEMENT—DESCRIPTIVE WORDS.

Plaintiff's registered trade-mark used in connection with the sale of toilet·paper *held* not infringed by defendant's device used in the same business; there being no similarity, except in the use of certain descriptive words equally open to both parties and to the rest of the world.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 65; Dec. Dig. ⬤═57.]

3. TRADE-MARKS AND TRADE-NAMES ⬤═53—WORDS SUBJECT TO APPROPRIATION—SCOPE OF TRADE-MARK.

Caution should be exercised in extending either the class of marks or phrases which may be used as technical trade-marks or in giving too broad a construction to a valid trade-mark.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 61; Dec. Dig. ⬤═53.]

4. TRADE-MARKS AND TRADE-NAMES ⬤═92—SUITS FOR INFRINGEMENT—DISMISSAL ON MOTION.

While the power should be sparingly exercised, and then only in very clear cases, a bill for infringement of a registered trade-mark may be dismissed on demurrer or on motion, its modern equivalent, when non-infringement is evident on the face of the bill.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 102, 103; Dec. Dig. ⬤═92.]

5. COURTS ⬤═292—UNITED STATES COURTS—RETAINING JURISDICTION.

Though a court of equity, whose jurisdiction has been invoked to give relief which only such a court is competent to furnish, may sometimes limit its relief to such as might have been obtained at law, in a suit between citizens of the same state for unfair competition and infringement of a registered trade-mark, where it appears that there has been no infringement, the court cannot retain jurisdiction over the cause of action for unfair competition carried on otherwise than by the infringement of a trade-mark.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 834; Dec. Dig. ⬤═292.]

In Equity. Suit by Thomas F. Sprigg against Lewis R. Fisher, trading as the Lewis R. Fisher Company. On motion to dismiss. Motion granted.

---

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John C. Tolson, of Baltimore, Md., for plaintiff.
Harry N. Baetjer, of Baltimore, Md., for defendant.

ROSE, District Judge. [1] Plaintiff alleges infringement of a registered trade-mark and unfair competition. The defendant has moved to dismiss. All the parties are citizens of Maryland. This court is therefore without jurisdiction of so much of the bill as alleges unfair competition carried on otherwise than by the infringement of a registered trade-mark. Elgin National Watch Co. v. Illinois Watch Case Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365; A. Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co., 201 U. S. 166, 26 Sup. Ct. 425, 50 L. Ed. 710.

[2] The trade-mark as registered is:

## JUMBO

## WITCH HAZEL

## TOILET PAPER

### ⋇ Thoroughly Medicated ⋇

**EXPRESSLY PREPARED, AND**
**FOR FINE DRUGGISTS' TRADE.**

The defendant's device is:

## ROYAL

# CARBOLATED

*Positively guaranteed to be free
from injurious chemicals. The
ANTISEPTIC qualities of this
brand have no superior for health
and safety. Manufactured express-
ly for the select trade:*

# Toilet - Paper

### THOROUGHLY MEDICATED

**Expressly Prepared for the Select Trade**

There is no similarity between the two, except in the use of certain descriptive words equally open to both parties and to the rest of the world. If defendant is trying to sell his goods as those of the plaintiff, he has not done so by either using or imitating plaintiff's trademark.

[3] The accepted principles of trade-mark law have been supposed to be in some respects rigid. Difficulties in applying them sometimes arise. Hanover Star Milling Co. v. Allen & Wheeler Co., 208 Fed. 513, 125 C. C. A. 515. The litigation which terminated in Thaddeus Davids Co. v. Davids Mfg. Co., 233 U. S. 461, 34 Sup. Ct. 648, 58 L. Ed. 1046, illustrates some of the embarrassments which may result when the Legislature says that trade-marks may be acquired in words or symbols which have not theretofore been subject to exclusive appropriation for such purpose. Such considerations suggest caution in extending either the class of marks or phrases which may be used as technical trade-marks or in giving too broad a construction to a valid trade-mark. It is unnecessary to do the one or the other. A merchant or manufacturer is not solely, or even chiefly, dependent upon a trade-mark for protection against attempts to palm off as his the goods of another. Courts of equity are keen to suppress unfair competition, no matter what guise it assumes.

[4] No case of infringement of a registered trade-mark is disclosed by this bill. Plaintiff admits that bills for the infringement of a patent or a trade-mark may be dismissed upon demurrer, or its modern equivalent of motion, but in his view only when the invalidity of the patent or trade-mark is apparent on the face of the bill. He claims that there are no causes in which such action has been taken merely because, in the opinion of the court, noninfringement is evident. He may be right that such cases are rare, or even nonexistent. It is obviously a power to be sparingly exercised, and then only in very clear cases; but, when it is clearly evident that there has been no infringement, it is the duty of the judge to save the trouble, expense, and delay of further proceedings.

[5] Plaintiff argues, however, that there is another reason for retaining the bill. He has in good faith charged infringement. Over that charge this court has jurisdiction, and it should proceed to pass on all the questions involved. If, after hearing all the evidence, it is satisfied that, while the defendant has not infringed the trade-mark, he has unfairly competed, it should give complete relief by enjoining the further prosecution of such unfair competition. This contention rests upon a confusion between the consequences of limitations upon the powers of courts of equity as such, and the restrictions imposed upon the jurisdiction of the federal courts, whether of law or of equity, by the Constitution and statutes of the United States.

A court of equity, whose jurisdiction has been invoked to give relief which only such court is competent to furnish, may sometimes, after it has heard the whole case, be of opinion that justice and right can be best done by confining the relief given to something which might have been obtained from a court of law. Such relief the chancellor may award, although if the bill originally had sought that, and nothing

more, he must have declined jurisdiction. But a federal court cannot decide a controversy to which the judicial power of the United States does not extend merely because plaintiff has mistakenly assumed that some federal right of his has been infringed. A plaintiff cannot in the federal courts secure redress for unfair competition by a citizen of the same state merely by alleging that such defendant has infringed a registered trade-mark, when in point of fact no such infringement has taken place, and in that respect it is immaterial whether the allegation was made in good or bad faith.

It follows that the motion to dismiss must be granted.