## BADGER v. E. B. BADGER & SONS CO.

### (District Court, D. Massachusetts. March 10, 1923.)

#### No. 1727.

Courts ⬯263—Federal court has jurisdiction to allow damages for unfair com-
petition in aggravation of infringement, but not of claims entirely foreign to
patents.

In an infringement suit, where there is no diversity of citizenship,
the District Court has jurisdiction of all issues arising out of the
patents and patent infringement, including aggravation of infringement
by unfair competition, but has no jurisdiction of a counterclaim by de-
fendant corporation against plaintiff, a former officer, for breach of
his official duty in the management of defendant's corporate business,
involving transactions entirely independent of any patent infringement.

In Equity. Patent infringement suit by Arthur C. Badger against
the E. B. Badger & Sons Company, in which the defendant answered,
claiming ownership of the patents, and counterclaimed for damages
for infringement and for other acts of plaintiff. On motion, allega-
tions of counterclaim, other than for infringement, ordered stricken.

Wm. Quinby, of Boston, Mass., for plaintiff.

Walter I. Badger, Frederick L. Emery, and Emery, Booth, Janney
& Varney, all of Boston, Mass., for defendant.

ANDERSON, Circuit Judge. Plaintiff in this patent infringement
suit was for some 20 years chief executive of the defendant, a close-
ly held family corporation. The patents now in question were issued
in his name while still chief executive, and were used in connection
with the defendant's business. After controversy, plaintiff on March
1, 1921, set up business on his own account, and now seeks to enjoin
the defendant, as infringer of these patents, alleging unfair competi-
tion by way of aggravation.

The defendant's answer and counterclaim, shortly stated, are that
the patents belong to it, and not to the plaintiff; that it is entitled to
them, or to an exclusive license thereunder; that the plaintiff should
be held as an infringer since March 1, 1921; and that the defendant's
damages are aggravated by the plaintiff's unfair competition.

But it also seeks by counterclaim to put in issue alleged contractual
and official breaches of duty by the plaintiff in the administration of
the defendant's business, extending over a period of many years, and
involving transactions entirely independent of any patent infringe-
ment or aggravation of damages thereunder by way of unfair com-
petition.

There is no diversity of citizenship. This court has no jurisdiction,
except in so far as the litigation is patent litigation and the legal inci-
dents of patent litigation.

I find no case which, on fair analysis, leads to any other result. In
Standard Paint Co. v. Trinidad Asphalt Co., 220 U. S. 446, 31 Sup.
Ct. 456, 55 L. Ed. 536, the Supreme Court said:

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The opposite parties to the suit are citizens of different states, and while this diversity of citizenship was not necessary to give the Circuit Court jurisdiction of the case in so far as it involved the validity of the trademark, it was necessary to give the court jurisdiction of the issue of unfair competition."

In W. F. Burns Co. v. Automatic Recording Safe Co., 241 Fed. 472, 154 C. C. A. 304, a decision of the Circuit Court of Appeals for the Seventh Circuit, opinion by Judge Mack, it is said:

"In so far as unfair competition is relied upon as a separate and distinct cause of action, the court was without jurisdiction * * * as there was no diversity of citizenship. * * * If, however, in infringing upon plaintiff's patent rights, defendants have aggravated the damages by unfair competition in the sale of the very infringing articles any damages thus caused may be awarded in the accounting"—citing Ludwigs v. Payson Mfg. Co.. 206 Fed. 60, 124 C. C. A. 194.

In the Ludwigs Case a patent suit between citizens of the same state, in which the patent was held infringed, it was said:

"Evidence of sales to prove infringement of the mechanical principles of the patent establishes also that Ludwigs unlawfully took the livery of Payson in order to make the sales. Under such circumstances (whether the compactness for cheapness of manufacture and the ornamental form are within the protection of the claims or not) a federal court of equity in granting relief for the infringement of the mechanism ought not to remit the complainant to another forum to mete out the damages which necessarily appear in proving the infringement and which, though in one aspect arising from fraud in trade, in a fairer aspect are aggravations of the infringement"—citing Globe-Wernicke Co. v. Fred Macey Co. (C. C. A. 6th Circuit) 119 Fed. 696, 56 C. C. A. 304; Adam v. Folger (C. C. A. 7th Circuit) 120 Fed. 260, 56 C. C. A. 540; Woods Sons Co. v. Valley Iron Works (C. C.) 166 Fed. 770; Onondaga Indian Wigwam Co. v. Ka-Noo-No Indian Mfg. Co. (C. C.) 182 Fed. 832; Ross v. Geer Co. (C. C.) 188 Fed. 731; Saxlehner v. Eisner & Mendelsohn Co., 179 U. S. 19, 21 Sup. Ct. 7, 45 L. Ed. 60; Siler v. Louisville, etc., R. Co., 213 U. S. 175, 29 Sup. Ct. 451, 53 L. Ed. 753.

To summarize: The plaintiff and defendant each claim to have been in equity entitled, during two years ending March 1, 1923, to the patents in question, or to exclusive rights thereunder; in effect, each charges the other with being an infringer and with having aggravated infringement damages by unfair competition. I think all issues arising out of these claims may be tried by this federal court in this case; but I think, and rule, that issues arising out of independent claims of breach of contract, or of official duty by the plaintiff to the defendant, are not within the jurisdiction of this court.

Allegations in the counterclaim setting up such independent claims should be struck out, and the plaintiff, whose answer has not yet been filed, is also, of course, relieved from answering such allegations.

Counsel may draft and present an appropriate order.