## PAYTON v. IDEAL JEWELRY MFG. CO.

(Circuit Court of Appeals, First Circuit. July 7, 1925.)

No. 1816.

**1. Patents ⬤⟞328—Finding on conflicting oral evidence not disturbed.**

In suit for infringement of Blanchard patent, No. 1,467,468, for a flexible bracelet, where evidence was conflicting, and tangible proofs submitted depended largely on oral testimony, district court's finding that defendant had not established his defense of anticipation beyond reasonable doubt, *held* not clearly wrong.

**2. New trial ⬤⟞104(1)—New trial not granted for evidence largely cumulative and not of character that would change result.**

New trial cannot be granted, in patent infringement suit, for alleged newly discovered evidence, which was largely cumulative and not of character that would change the result.

**3. Courts ⬤⟞263—Federal court has jurisdiction to pass on question of unfair competition in infringement, but not on question as separate cause of action.**

Where there was no diversity of citizenship, district court was without jurisdiction to pass on question of unfair competition as separate cause of action, but, if defendant aggravated plaintiff's damages by unfair competition in sale of infringing device, damages thus caused may be awarded in accounting in patent infringement suit.

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Suit by the Ideal Jewelry Manufacturing Company against Harry Payton. Decree for complainant (300 F. 422), and defendant appeals. Affirmed.

Joseph T. Brennan, of Boston, Mass. (Herbert B. Barlow and Barlow & Barlow, all of Providence, R. I., on the brief), for appellant.

Perley H. Plant, of Providence, R. I., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a suit in equity for infringement of letters patent, No. 1,467,468, applied for November 19, 1920, by Adna F. Blanchard, and issued to the Ideal Jewelry Manufacturing Company, assignor, September 20, 1923, for a flexible bracelet. Claims 1 to 5, inclusive, are in issue.

The invention resides in the production of bracelet units composed of a small number of parts requiring few machine and stamping operations and having as its chief object the rapid setting or mounting of gems in the units with a minimum expenditure for labor and machine operations.

There is no dispute as to infringement. The plaintiff's and defendant's units are substantially the same; the only difference being that those of the defendant are composed of three parts, while the plaintiff's have two.

[1] The principal defense is that the plaintiff's patentee was not the original and first inventor.

In applying the rule that to overcome the presumption of validity arising from the grant of a patent, the defendant must prove his case by "tangible proofs which establish beyond reasonable doubt the defense of anticipation" the court below found and ruled "that the defendant had not furnished satisfactory proofs of his making the infringing device before the date of the application, November 19, 1920," that the patent was valid, and all the claims in issue infringed.

We have carefully examined the evidence, aided by extended briefs and arguments of counsel, and, while we are not in accord with some of the positions taken by the District Court in reaching its conclusion on the question of anticipation, and think that, in certain respects, too great weight was given to the testimony of a witness called by the plaintiff, who was a self-confessed thief and perjurer; nevertheless, as the evidence in the case on material points was conflicting, and the tangible proofs submitted depended largely upon oral testimony for their authenticity and pertinency to establish primary facts from which the ultimate conclusion was to be drawn, and, as the credibility of witnesses was largely involved, we cannot say that the court below was clearly wrong in finding that the defendant had not established his defense beyond a reasonable doubt.

[2] After the District Court rendered its decision in this case the defendant moved for a new trial on the ground of newly discovered evidence, supporting his motion with affidavits setting forth the evidence relied upon. The denial of this motion is assigned as error. The evidence in question is largely cumulative, and apparently was known to the defendant at the time of the trial, and by reasonable diligence could have been obtained and submitted at that time had he seen fit. Furthermore we think the evidence was not of a character that would change the result. Such being the case, the defendant takes nothing by this assignment.

[3] In addition to the charge of infringement, the bill contained an allegation of unfair competition, and the defendant moved to dismiss the bill on the ground that the court had no jurisdiction to adjudicate the question of unfair competition, there being no diversity of citizenship. The denial of this motion is also assigned as error.

As there was no diversity of citizenship, the District Court was without jurisdiction to pass upon the question of unfair competition as a separate and distinct cause of action, but, if the defendant aggravated plaintiff's damages by unfair competition in the sale of the infringing device, the damages thus caused may be awarded in the accounting. W. F. Burns Co. v. Automatic Recording Safe Co., 241 F. 472, 486, 154 C. C. A. 304; Badger v. Badger & Sons Co. (D. C.) 288 F. 419. The motion was properly denied.

The decree of the District Court is affirmed, with costs to the appellee.