## VOGUE CO. v. VOGUE HAT CO. et al.

(Circuit Court of Appeals, Sixth Circuit. May 17, 1926.) ·

No. 4066.

1. **Courts** ⊙⟲263—**Federal court, by decision against complainant on main issue of trademark infringement, held not to have lost jurisdiction to determine issue of unfair competition against a defendant between whom and complainant there was no diversity of citizenship, but who by intervention had made its controversy ancillary.**

In a suit in a federal court for infringement of a registered trade-mark and unfair competition, of which the court had jurisdiction by reason of diversity of citizenship as well as subject-matter, where a corporation of the same state as complainant intervened and was permitted to join as defendant, expressly submitting itself to the jurisdiction of the court, the question of unfair competition, as affecting such defendant, may be considered as ancillary or incidental to the main cause, and the court did not lose jurisdiction to determine it because of decision against complainant on the issue of infringement.

2. **Courts** ⊙⟲263—**Decision that a registered trade-mark is not infringed, but not that it is invalid, does not deprive a federal court of its acquired jurisdiction, and it may proceed to determine the further issue of unfair competition.**

In a suit in a federal court for infringement of a registered trade-mark and for unfair competition, where the acts which constitute the alleged infringement and the unfair competition are the same acts, a decision that the trademark is not infringed, but not that it is invalid, does not deprive the court of its jurisdic-

tion to proceed and determine the issue of unfair competition.

On Second Application for Rehearing.

Suit by the Vogue Company against the Thompson-Hudson Company and The Vogue Hat Company, intervening defendant. On second application by Vogue Hat Company for rehearing. Denied.

For former opinions, see 300 F. 509; 6 F.(2d) 875.

Samuel W. Banning, Thos. A. Banning, Thos. A. Banning, Jr., Ehpraim Banning, all of Chicago, Ill., Chas. H. Studin, of New York City, and Rathbun Fuller, of Toledo, Ohio, for petitioner.

E. J. Marshall, of Toledo, Ohio, and Harry D. Nims, MacDonald DeWitt, and Minturn de S. Verdi, all of New York City, for respondent.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. [1] A bill was filed by the plaintiff, a New York corporation, in the District Court at Cleveland, against Thompson & Co., a Cleveland corporation, which was retailing hats manufactured by the Vogue Hat Company, a New York corporation, and it was alleged that these hats were being sold in violation of the rights indicated by the plaintiff's registered trade-mark and by means of fraudulent and unfair competition.

There was jurisdiction by diverse citizenship as well as by claim of right arising under federal laws.· Upon the petition of the Vogue Hat Company, representing that it was the substantial defendant party in interest, it was allowed to intervene as defendant, and it was thereafter named as one of the joint defendants in the case.[1] It filed no answer, but it completely assumed and carried on the defense of the case. On final hearing the District Court dismissed the bill as to both parties defendant, because it found no infringement of trade-mark rights and no unfair competition. On appeal to this court we affirmed the finding in the first respect, but reversed as to unfair competition. 300 F. 509. The New York defendant filed a petition for review on the merits of the unfair competition question, which we denied. The plaintiff then applied for more specific directions as to the form of the decree, and this de-

---

[1] This petition to intervene expressly declared its submission to the jurisdiction of the court and its desire to have the court decide the issues as between it and the plaintiff.

veloped a controversy in which we eventually went somewhat further than the original opinion had in giving plaintiff effective relief. 6 F.[2d] 875. Now the New York defendant moves again for rehearing; and for the first time contends that, when all relief upon the basis of rights dependent on the registered trade-mark was denied, the court below and this court as well had no jurisdiction remaining to consider or decide the question of unfair competition. · This contention is based on the line of cases hereafter considered; it is at least superficially supported by the authorities cited, and must be accepted unless there is specific reason for its rejection. Such reasons as suggest themselves are to be considered.

The first is that, after its voluntary appearance in the case and litigating to the end upon the merits, this defendant cannot be heard to question the power of the court to decide the very question which has been so litigated. This probably depends upon how far the defect in jurisdiction may be a matter of venue or of personal jurisdiction, rather than of the subject-matter. The peculiar facts of the case develop an interesting and perhaps unique aspect of this question; but it may for the present be passed by.

The next is whether under these peculiar facts the jurisdiction over the question of unfair competition as affecting the New York defendant may be considered as ancillary or incidental to the original cause. It is not usual for the more substantial controversy to be ancillary to one of lesser importance, and yet this result may well occur. Here there was equally complete jurisdiction by diverse citizenship over both grounds of the controversy which the plaintiff presented by its bill. The original defendant had done those acts which justified the final decree and order, so far as it was concerned. If the New York defendant, without formal intervention, but with plaintiff's knowledge, had assumed and paid for the defense, it would have been bound by the result, so far as that result could be rested on the acts of the Ohio defendant. It is clear to us that the New York defendant by its intervening petition thus presented a controversy growing out of and ancillary to the original bill in every necessary characteristic, even though the volume of matter affected was greater.

A late and complete discussion of the controlling principle is found in Wichita v. Commission, 260 U. S. 48, 53, 54, 43 S. Ct. 51, 67 L. Ed. 124. See, also, Lackner v. McKechney (C. C. A. 7) 252 F. 403, 408, 164 C. C. A. 327.

The present case is to be distinguished from those where the intervener was a necessary party defendant, or where the intervention presented a new controversy not covered by the original bill. The New York defendant was not a necessary party, and the questions, not only as to the registered trade-mark, but as to the definition of unfair competition, are in a very substantial way the same against it which they were as against the Ohio defendant. Upon this principle of ancillary jurisdiction, we think the court below has power, pursuant to our mandate, to enter a decree for injunction against the New York defendant, and this in spite of the conclusion that it does not infringe any registered trade-mark.

[2] Our disposition of the present application might rest upon what has been said; but the case presents another question, important and interesting enough to justify study. That question is, with reference to the rule that a federal court, the jurisdiction of which is invoked between citizens of the same state solely because a patent or registered trade-mark is being infringed, after deciding that controversy against the plaintiff, cannot proceed to give relief upon the ground of unfair competition, whether this rule extends not only to the cases where the patent or registered trade-mark has been held invalid, but to those cases where, though valid, it is found not to be infringed. This involves ascertaining the reason why the right to consider that further ground of relief has been denied by the Supreme Court in certain instances.

It is a familiar principle that, when the jurisdiction of a federal trial court is invoked upon the ground that the plaintiff presents a right arising under federal laws, the court thereby acquires jurisdiction of the case, and it examines and decides all questions involved, even though the federal question may be resolved against the plaintiff or may be passed without decision. It was redeclared, with many citations, in Siler v. L. & N. R. R., 213 U. S. 175, 191, 192, 29 S. Ct. 451, 53 L. Ed. 753, and it was again formulated in Davis v. Wallace, 257 U. S. 478, 482, 42 S. Ct. 164, 165 (66 L. Ed. 325), as follows:

"The case made by the bill involved a real and substantial question under the Constitution of the United States, and the amount in controversy exceeded $3,000, exclusive of interest and costs, so the case plainly was cognizable in the District Court. In such a case the jurisdiction of that court, and ours in reviewing its action, extends to every question involved, whether of federal or state law, and

enables the court to rest its judgment or decree on the decision of such of the questions as in its opinion effectively dispose of the case."

We have applied the principle in this court (General Co. v. L. S. & M. S., 269 F. 235, 241; State v. Swift, 270 F. 141, 150, 151), and it continues to be of constant application in the Supreme Court. In Lincoln Co. v. Lincoln, 250 U. S. 256, 264, 39 S. Ct. 454, 456 (63 L. Ed. 968), and speaking of a supposition that the ordinance under fire could be attacked only for a reason founded in federal law, the court characterized it as "apparently overlooking that, even without diversity of citizenship, * * * the jurisdiction extended to the determination of all questions, including questions of state law, and irrespective of the disposition made of the federal questions"—citing Greene v. Louisville, 244 U. S. 499, 508, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88. Again in Southern Ry. v. Watts, 260 U. S. 519, 522, 43 S. Ct. 192, 67 L. Ed. 375, and Atlantic Co. v. Daughton, 262 U. S. 413, 416, 43 S. Ct. 620, 67 L. Ed. 1051, the principle is clearly recognized.

It also has been of common observation that, even though the only ground for invoking the reviewing jurisdiction of the Supreme Court over a District Court might have been that a constitutional question was involved, yet the Supreme Court, having the case, decides all the questions in it, and that no matter whether the claim of constitutional right is sustained or denied.

It might seem that the same principle would apply in a suit for patent infringement and unfair competition. The cause of action and the relief sought are each single. In the ordinary case of this type the defendant is selling a specific article. The patentee claims that sale to be a trespass on his rights, and demands an injunction. He has two alternative or combined theories for supporting this single demand for relief. One is that the article sold is within his patent monopoly, and thus wrongfully interferes with his own business; the other is that the article is in deceptive "livery," thus also interfering with his own sales; all he (sometimes at least) wants the courts to do is to stop the sale of that article, thus marked. So it might be thought that a federal court, acquiring jurisdiction of this entire controversy by virtue of the patent question, would proceed to decide all questions involved, no matter how it decided the first one.

However, there is another familiar line of cases, growing out of the power of the Supreme Court of the United States to review the decisions of state courts. Upon principles of public policy, it may be important that this power should be confined to the federal question, and the language of the various statutes indicates this restriction. Accordingly we find the Supreme Court repeatedly refusing to consider any other question after it has decided this first one adversely to the appellant.

It is this latter restrictive principle, which to some extent the Supreme Court has applied to the patent-plus-unfair competition cases. In the earliest one which has come to our attention, the Circuit Court of Appeals had said (Illinois Co. v. Elgin Co., 94 F. 667, at page 669, 35 C. C. A. 237, 239) that "it is, of course, clear that the bill could not be sustained unless the federal right was sustained." The registered trade-mark, by virtue of which alone federal jurisdiction was invoked, was held to be invalid. The Supreme Court rather summarily (179 U. S. 677, 21 S. Ct. 275, 45 L. Ed. 365) affirmed, saying that, "if the trade-mark were not lawfully registered, then jurisdiction could not be maintained." In neither court was the suggestion advanced or considered that the good faith claim of federal right gave jurisdiction to decide all grounds of the controversy. In Lescher v. Broderick, the Circuit Court of Appeals held (134 F. 571, 67 C. C. A. 418), on authority of the Elgin Case, that, if the registered trade-mark was invalid, there was no jurisdiction to hear the remainder of the quarrel between the parties who were citizens of the same state. The Supreme Court, in 201 U. S. 172, 26 S. Ct. 427, 50 L. Ed. 710, said: "Our jurisdiction depends solely upon the question whether plaintiff has a registered trade-mark valid under the act of Congress." Again the general principle that a jurisdiction, once acquired, extends to the whole controversy, was not considered. The only other touching of the question by the Supreme Court which we find is in Stark v. Stark, 255 U. S. 50, 52, 41 S. Ct. 221, 65 L. Ed. 496, where the Leschen Case is somewhat casually cited as indicating this limitation on the federal trial courts.

Geneva Co. v. Karpen, 238 U. S. 254, 255, 259, 35 S. Ct. 788, 59 L. Ed. 1295, is also now cited to the same effect; but that case seems to have presented in the end a question of venue rather than of subject-matter. It was in effect held that the restriction of personal jurisdiction over a defendant to the district of his residence (or plaintiff's) was a fundamental protection to him, and hence that the exception permitting him to be sued elsewhere for patent infringement would not be enlarg-

ed to permit him to be sued away from home also for something else, even though the two grounds of suit might otherwise be united. The decision cannot well be carried further. If the comment (page 259 [35 S. Ct. 790]), "The rule otherwise prevailing respecting joinder of actions in equity cases must, of course, yield to the jurisdictional statute," were to be taken at its fullest extent, it would be inconsistent with the rule of the Siler and Davis Cases, supra, and that cannot have been the intent.

So, also, we are now cited to Standard Co. v. Trinidad Co., 220 U. S. 446, 31 S. Ct. 456, 55 L. Ed. 536; but that case is not helpful here. The point decided was that, where there was diverse citizenship in a case based upon a registered trade-mark and unfair competition, the jurisdiction of the District Court was not so entirely dependent on the diverse citizenship, even after a decision that the registry was invalid, so as to make the decision of the Circuit Court of Appeals final under sections 128 and 241 of the Code, being Comp. St. §§ 1120, 1218 (in their then current form). The implications as to what would have been the result, if there had been no diverse citizenship, are too indefinite for positive application here.

Upon the express authority of the Leschen Case, this court held in Schiebel v. Clark, 217 F. 760–770, 133 C. C. A. 490, that, where the patent had been held invalid, jurisdiction could not be retained to determine the issue of unfair competition.

In the Second Circuit Court of Appeals, it was very early assumed, without discussion, that, if plaintiff in such a case did not prevail as to infringement, he could not have relief for unfair competition; and the assumption has continued. Burt v. Smith, 71 F. 161, 163, 17 C. C. A. 573; Hutchinson Pierce & Co. v. Loewy, 163 F. 42, 90 C. C. A. 1; Davids v. Davids, 192 F. 915, 916, 114 C. C. A. 355.

In the Seventh Circuit Court of Appeals, the question had some attention in U. S. Bolt Co. v. Kroncke Co., 234 F. 868, 872, 148 C. C. A. 466, but only collaterally, since it is quite clear that the counterclaim for unfair competition there involved was not an alternative ground for the same relief sought by the original infringement bill. The case is not pertinent to the present inquiry; but, when the question was more directly involved, that court had held that, after the patent had been found valid and infringed, damages could be assessed also for the unfair competition. Ludwigs v. Payson, 206 F. 60, 65, 124 C. C. A. 194. Again in Farmers' Co. v. Beaver Co.,

236 F. 731, 738, 150 C. C. A. 63, the same result was reached. In Burns v. Automatic, 241 F. 472, 486, 154 C. C. A. 304, damages for unfair competition were assessed "in aggravation."

From this review of the Supreme Court and Circuit Court of Appeals decisions, it is apparent that the exact inquiry which we stated has not been there fully answered. The precise point has had some attention, but not much, in the numerous and conflicting reported decisions of the trial courts.[2]

Three considerations have been suggested for the purpose of reconciling or fairly distinguishing the pronouncement in the Elgin and Leschen Cases and the rule of the Siler and Davis Cases. The first is that the theory of expansion from one subject to all is a rule of convenience in a court of equity, and cannot be used to supply a lack of jurisdiction. To this it may be answered, not only that the Leschen Case was in equity just as much as the Siler Case, and that the initial incapacity of a federal equity court to consider and grant legal relief is practically equivalent to lack of jurisdiction, but also that the lack of independent jurisdiction in the Siler, Davis, Lincoln, Green, and Watts Cases, to consider and decide nonfederal questions, was precisely the same as the lack of initial jurisdiction in the Leschen Case to consider the unfair competition. Plainly this ground of distinction is not tenable.

The second one is that in the Leschen and similar cases, the two causes of action were distinct, while in the Siler and similar cases they were closely related. This is merely the question of multifariousness. It was long ago decided in this circuit that, where the acts complained of were the making and selling of a particular article, the complaint that it was an infringement of a patent and the complaint that it was unfair competition did not make the bill multifarious. Globe-Wernicke Co. v. Macey, 119 F. 696, 703, 56 C. C. A. 304. This view has been discussed in some of the cases cited, and it seems to have been some-

[2] Jurisdiction retained: Woods v. Valley (C. C.; Archbald, D. J.) 166 F. 770; Onondaga v. Ka-Noo-No (C. C.; Ray, D. J.) 182 F. 832, 833; Ross v. Geer (C. C.; Ray, D. J.) 188 F. 731, 734.

Jurisdiction denied: Keasby v. Cary (C. C.; Wheeler, D. J.) 113 F. 432; King & Co. v. Inlander (C. C.; Kohlsaat, D. J.) 133 F. 416; Cushman v. Atlantis Co. (C. C.; Lowell, C. J.) 164 F. 94; Mecky v. Grabowski (C. C.; Holland, D. J.) 177 F. 591; Johnson v. Brass Co. (D. C.; Chatfield, D. J.) 201 F. 368; Sprigg v. Fisher (D. C.; Rose, D. J.) 222 F. 964; Mallinson v. Ryan (D. C.; Mayer, D. J.) 242 F. 951, 953.

times thought (188 F. 734, 242 F. 953) that, if the same acts gave rise to both complaints, jurisdiction might be held for the unfair competition, but not so if the two complaints were respectively based on different conduct by defendant. Indeed, the former view might well be inferred from the assumption stated by Mr. Justice Holmes in the Stark Case, supra, at page 52 (41 S. Ct. 221); but it is not clear that it could survive comparison with the facts in the Leschen Case. There the use of the colored strand in the rope was the single act which was thought to be both trade-mark infringement and unfair competition; hence this reason for distinguishing is not tenable.

The third is that the retaining of jurisdiction upon the unfair competition issue depends upon the result which has been reached as to the validity of the patent or registered trade-mark. In both the Elgin and Leschen Cases it was decided as the first point that there was no valid federal grant, and hence there was in truth no controversy arising under such grant; while in cases depending upon a claim of right under the Fourteenth Amendment the foundation of federal right does exist. In the patent-unfair competition cases the plaintiff must first show the existence of the valid patent; but, while the court has jurisdiction to hear this question, it has none to go further until the first point is established; only then may it consider whether the right has been infringed. In constitutional cases, there is no preliminary question; the general federal jurisdiction exists, and we come at once to the question of injury to the right. There is at least some analogy in cases depending on diverse citizenship. The plaintiff or the removing defendant must show that fact, and the court has a preliminary jurisdiction to determine whether the fact exists; but, if it is found not to exist, that is the end of the case, while, if it does exist, the court goes forward and considers all questions involved.

From the adoption of this third distinction there would result, in a case of this class, the necessity of overruling a demurrer as against the unfair competition feature, and trying out the merits of that issue, and then dismissing it without determination, if the patent or trade-mark registry turned out to be invalid. This is not a very satisfactory result, nor are the considerations which lead to it entirely conclusive; but it presents to our minds the most satisfactory solution of the problem. Accordingly we conclude that since the acts which in this case constitute the claimed infringement of a registered trade-mark and the claimed unfair competition are, at least in sufficient degree, the same acts, and, since it is to be assumed that the trade-mark registry was valid, the court had jurisdiction to enjoin the unfair competition, although it had decided that the registered trade-mark was not infringed; and this is perhaps particularly true because our finding of lack of infringement was based only on the circumstance that the articles marked were not of the same descriptive quality as the registered mark.

We do not overlook that this conclusion seems to be in conflict with that of the Circuit Court of Appeals in the Second Circuit, as stated in Bernstein v. Danwitz, 190 F. 604, 605, but we cannot be content to accept the view there stated.

The present application for rehearing is denied.