## EX PARTE IN THE MATTER OF LINCOLN GAS & ELECTRIC LIGHT COMPANY, PETITIONER.

### ON PETITION FOR REHEARING OF APPLICATION FOR WRIT OF MANDAMUS.

No. 29, Original. October Term, 1920.—Decided October 24, 1921.

Where a decree of the District Court, upholding as adequate a gas rate fixed by a city ordinance, was affirmed by this court without prejudice to the bringing of a new suit to restrain enforcement if changed conditions should make the rate confiscatory,—

*Held:* (1) That, until such new suit was begun, the ordinance was established by the decision as the lawful and exclusive measure of the rates chargeable by the plaintiff gas company. P. 9.

(2) That the original suit did not end until the going down of the mandate from this court. P. 9.

(3) That a new suit filed at that time, and the granting of a restraining order therein, could affect only the then future operation of the ordinance, and could not oust the District Court of its jurisdiction, ancillary to the former suit, to award restitution, gauged by the ordinance rate, of overcharges exacted by the plaintiff from its consumers during the period between the original decree of that court and the going down of the mandate. P. 9.

(4) That the ancillary jurisdiction was independent of whether the plaintiff's injunction bond, in the former suit, was sufficient to cover the overcharges. P. 10.

Rehearing denied.

*Mr. Robert A. Brown, Mr. Maxwell V. Beghtol, Mr. Charles A. Frueauff* and *Mr. Wade H. Ellis,* in support of the petition.

MR. JUSTICE PITNEY delivered the opinion of the court.

Petitioner asks a rehearing of this matter and a reconsideration of our decision of June 1, 1921, 256 U. S. 512, by which we refused to award a mandamus requiring the Judge of the District Court to refrain from exercising jurisdiction in the cause of *Lincoln Gas & Electric Light Co.* v. *City of Lincoln, et al.,* after our disposal of the final decree on appeal, for the purpose of requiring restitution to gas consumers of amounts exacted by petitioner pending the suit in excess of the maximum rates permitted by the ordinance that was under attack therein.

We have permitted the petition for rehearing to be filed and shall state briefly why it cannot be granted.

In our opinion in the principal case delivered June 2, 1919 (250 U. S. 256), while sustaining generally the decree of the District Court dated September 23, 1915, which dismissed the bill of complaint, we nevertheless said (p. 268) that the decree should be modified " so as to permit complainant to make another application to the courts for relief against the operation of the ordinance hereafter, if it can show, as a result of its practical test of the dollar rate since May 1, 1915, or upon evidence respecting values, costs of operation, and the current rates of return upon capital as they stand at the time of bringing suit and are likely to continue thereafter, that the rate ordinance is confiscatory in its effect under the new conditions." To that end we modified the decree so that the dismissal of the bill as to the rate ordinance should be " without prejudice to the commencement of a new action to restrain the enforcement of said ordinance hereafter," and affirmed it as thus modified.

Upon the going down of the mandate the District Court on January 6, 1920, entered an order modifying its decree of September 23, 1915, as required, and retaining jurisdiction for the purpose of requiring the petitioner to make refund and restitution to consumers of gas for amounts collected over and above the legal rate pending the litigation; and against this order relief was sought through mandamus.

In the opinion refusing a mandamus, in response to the contention that the jurisdiction of the District Court to require restitution did not extend to overcharges subsequent to September 23, 1915, we stated that the decree of that date was conclusive evidence that petitioner had failed in the attempt to prove the ordinance rate noncompensatory, and hence that it not only was lawful and binding, but would so continue unless and until the petitioner, under the leave reserved, should begin a new suit and maintain its contention that the rate, through changed conditions, had become noncompensatory. It is now urged that this was based upon the assumption that no suit had been instituted attacking the rate since our decision of the appeal in the main case; and petitioner sets up, as the principal ground for asking a rehearing, that on January 6, 1920, a new suit was brought by it in the same court against the city and its officials for the purpose, as stated, of taking advantage of the permission granted in the mandate following our decision of June 2, 1919.

Petitioner exhibits a copy of its petition in the new suit, which is in the nature of a bill in equity; also a copy of a restraining order granted by the District Court thereon.

In our opinion refusing the mandamus we did not mention the new suit, for the very good reason that it had not been brought to our attention; not being mentioned either in the petition for mandamus, in the return of the

district judge to our order to show cause, or in the briefs or arguments on either side.

It hardly was to be expected that the commencement of a new suit asking for an injunction because of changed conditions would oust the court of its jurisdiction over proceedings ancillary to the suit theretofore terminated and having for their purpose the bringing to a conclusion of rights arising out of it; and it will easily be seen that it can have no such effect.

Instead of addressing itself to the question whether the rate ordinance was confiscatory under the conditions existing at the time of bringing the suit and likely to continue thereafter, it is largely devoted to an attack upon the adequacy of the rate, and consequently upon the validity of the ordinance, from and after September 23, 1915; there being specific averments and prayers as to the period from that date to the commencement of the new suit, with only inferential reference to the operation of the ordinance rate thereafter.

. But the former suit was terminated not upon the making of the District Court's decree of September 23, 1915, nor upon the announcement of our decision affirming it on June 2, 1919, but upon the going down of the mandate, which, for reasons that do not appear, was delayed until January 5, 1920. Until that date the ordinance was established by the decision as the lawful and exclusive measure of the rates chargeable by petitioner for gas served to consumers, and the gauge by which its liability to make refund for overcharges exacted during suit was to be determined. The beginning of the new suit, and the granting of a restraining order therein, can properly have effect only with respect to the then future operation of the ordinance, and cannot affect the measure of recovery to be applied by the District Court in awarding restitution for the period covered by the former suit; much less its juris-

diction to award such restitution. See *Minneapolis, St. Paul & Sault Ste. Marie Ry. Co.* v. *Merrick Co.*, 254 U. S. 376.

In truth the new suit, in so far as it may purport to bear at all upon the proceedings against which mandamus was sought, is not within the leave reserved in the " without prejudice " provision, indeed is in the nature of a bill of review, although leave to file such a bill was asked of us pending appeal in the former suit and refused for reasons stated in 250 U. S. 261-262. In any aspect, neither the pendency of the new suit, nor the granting of a restraining order therein, constitutes the least reason for granting the rehearing asked for.

Other points are suggested, but they are without substance. The fact, if it be a fact as alleged, that the bond given in the former suit is not sufficient in amount to cover the aggregate overcharges collected by petitioner *pendente lite* in excess of the ordinance rate, manifestly raises no question about the jurisdiction of the District Court to award restitution.

*Rehearing denied.*