GLENBROOK COMPANY, INC., Appellant, *v.* ABRAHAM S. PHILLIPS, Respondent.

**Landlord and tenant — real property — fair return or rental — each tenant should pay fair proportion which his apartment bears to entire rent roll of building — erroneous dismissal of complaint in action to recover balance due for rent — erroneous exclusion of evidence of market value and cost of reconstruction of building.**

1. No general rule can be laid down which will establish in every case what is a fair return or rental on real estate. Each case must necessarily depend upon the peculiar circumstances involved and usually presents a question of fact. In fairness, however, each tenant should pay for the apartment occupied by him the fair proportion

which his apartment would bear to the entire rent roll of the building.

2. In an action to recover a balance alleged to be due for rent for an apartment in the city of New York, defended on the ground that the difference between the amounts paid and claimed was increased rental, which was unjust, unreasonable and oppressive, where at the close of the evidence there was a question of fact as to what was a fair and reasonable rental of the apartment, that question should have been submitted to the jury and a dismissal of the complaint on the theory that the amount paid was fair, because the income from all the apartments, excluding the fair market value of the property and the cost of reconstructing the building, gave the landlord a net income in excess of eight per cent was error.

3. It was also error for the court to refuse to admit evidence of the fair market value of the plaintiff's premises and as to the cost of reconstructing the building as of the time to which the question under consideration relates.

*Glenbrook Co.* v. *Phillips*, 216 App. Div. 702, reversed.

(Argued June 7, 1926; decided July 9, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 16, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a dismissal of the complaint by the court at a Trial Term.

*Lewis M. Isaacs* for appellant. It was error to hold that, assuming the aggregate rent roll from all tenants netted the plaintiff eight per cent, no increase could be obtained from the defendant, even though he was not paying his proportionate share of the aggregate fair rental to which the landlord was entitled. (*Elvira Realty Co., Inc.,* v. *Bracegirdle*, 115 Misc. Rep. 197; *Stephens* v. *American Realty Co.,* 279 Fed. Rep. 435; *Rust* v. *Tucker*, 287 Fed. Rep. 1018.) Facts and inferences favorable to plaintiff's claim, drawn from the evidence, required that the case be submitted to a jury. (*Lincoln Gas Co.* v. *Lincoln*, 250 U. S. 256.) Under the doctrine of judicial notice, the trial court was bound to

submit to the jury the question of whether the proposed increase of defendant's rent in 1921 or any increase over that paid in 1918, was reasonable. (*Lincoln Gas Co.* v. *Lincoln*, 250 U. S. 256; *Elizabethtown Gas Light Co.* v. *Board of Public Utility Comrs.*, 111 Atl. Rep. 729; *Joplin & Pittsburgh Ry. Co.* v. *Pub. Serv. Comm.*, 267 Fed. Rep. 584; *St. Joseph, etc., Ry. Co.* v. *Pub. Serv. Comm.*, 268 Fed. Rep. 267; *Banton* v. *Belt Line Ry. Co.*, 268 U. S. 413; *Ward* v. *Cathey*, 210 S. W. Rep. 289; *Hurst* v. *Chicago, etc., Ry. Co.*, 219 S. W. Rep. 566; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Pub. Serv. Comm.*, 215 N. Y. 241; *People ex rel. Jamaica Water Supply Co.* v. *Tax Comrs.*, 196 N. Y. 39; *People ex rel. Third Avenue R. R. Co.* v. *Tax Comrs.*, 157 App. Div. 731; 212 N. Y. 472; *New Haven Trust Co.* v. *Doherty*, 74 Conn. 468; *Collins* v. *Wardwell*, 63 N. J. Eq. 371.) The trial court erred in refusing to admit evidence of fair market value of plaintiff's property as of the time to which the inquiry related. (*Glenbrook* v. *Hall*, 209 App. Div. 869; 240 N. Y. 570; *Karrick* v. *Cantrill*, 51 App. Cas. [D. C.] 176; 277 Fed. Rep. 578; *Wilcox* v. *Consolidated Gas Co.*, 212 U. S. 19; *Minnesota Rate Cases*, 230 U. S. 352; *Denver* v. *Denver Union Water Co.*, 246 U. S. 178; *People ex rel. Iroquois Natural Gas Co.*, v. *Pub. Serv. Comm.*, 194 App. Div. 578; *People ex rel. N. Y. State Railways Co.* v. *Pub. Serv. Comm.*, 202 App. Div. 576; *Matter of Simmons*, 130 App. Div. 350.) The court erred in refusing to admit evidence of reconstruction costs as of the time to which the action related. (*Smyth* v. *Ames*, 169 U. S. 466; *Missouri ex rel. Southwestern Bell Telephone Co.* v. *Pub. Serv. Comm.*, 262 U. S. 276; *Bluefield Water Works* v. *Pub. Serv. Comm.*, 262 U. S. 679.)

*Benjamin Reass* for respondent. The trial justice was clearly correct in excluding evidence both of market value and of cost of reproduction as of the time to which the inquiry related. (*Knoxville* v. *Water Co.*, 212 U. S. 18;

*Block* v. *Hirsh,* 256 U. S. 136; *Hall* v. *Moos,* 200 App. Div. 66; *Glenbrook* v. *Hall,* 209 App. Div. 869; 240 N. Y. 24.) Upon the record in the case at bar, the court was correct in holding unsound the contention of the plaintiff ·that it was entitled to receive from the defendant its proportionate share of such rental as would, when fairly distributed throughout the entire apartment building, produce the fair rental to which·the landlord was entitled. (*Schwartz* v. *Levy,* 190 N. Y. Supp. 520; *Alabama Holding Corporation* v. *Conrey,* 201 App. Div. 565; *Anmore Realty Co.* v. *Baumer,* 196 N. Y. Supp. 520.)

McLAUGHLIN, J.   On October 22, 1918, the plaintiff and the defendant entered into a written lease by which the former leased to the latter apartment No. 5 South on the fifth floor of the apartment house located at 993 Park avenue.   The term of the lease was two years and eleven months.   The tenancy was to commence on November 1, 1918, and end on September 30, 1921. The rental which the defendant stipulated to pay was $4,300 per year, payable in equal monthly payments in advance.   Some time prior to August 1, 1921, the plaintiff notified the defendant that after the expiration of the lease the rent for the apartment would be increased from $4,300 to $7,000 per year.   The defendant refused to pay the increased rental and thereupon the plaintiff demanded possession of the apartment.   The defendant refused to surrender possession and he continued therein after the expiration of the lease.   He also refused to pay the rental at the increased rate for fourteen months, beginning October 1, 1921, and ending November 30, 1922.   The increased rate required a monthly payment of $583.33 which, for the fourteen months, amounted to $8,166.62. The defendant, however, did pay the rental stipulated in the written lease, which was $383.33 and for the fourteen months aggregated $5,016.62.   This left a balance due, according to the claim of the plaintiff, of $3,150.04,

which with interest amounted to $3,375.04. To recover such amount this action was brought.

The foregoing facts were set up in the complaint. The answer alleged that the increased rental was unjust, unreasonable and oppressive; that the amount stipulated to be paid in the written lease was a fair and reasonable rental value of the apartment; that this was the amount to which the plaintiff was entitled, and nothing more.

Much evidence was given at the trial bearing on the question of the net income of the entire building. Efforts were made on the part of the plaintiff to show what the fair market value of the property was at the time to which the question in controversy related, and also to show the cost of reconstruction during the same time. These were ineffectual, the court excluding all evidence bearing on these subjects.

At the close of the evidence, defendant moved to dismiss the complaint on the ground that the plaintiff had failed to establish facts which would justify a finding that he was entitled to a rental in excess of that stipulated in the lease. It was contended, on the part of the defendant, that after deducting a certain amount for depreciation and repairs the evidence showed that there was a net income from the entire building of between seventeen and eighteen per cent, and that under the rule laid down in *Hall* v. *Moos* (200 App. Div. 66) this was all or more than that to which the plaintiff was entitled.

The trial judge granted defendant's motion and dismissed the complaint. Judgment was entered to this effect and, on appeal, the judgment was unanimously affirmed and leave to appeal to this court denied. Application was subsequently made to this court and the appeal allowed.

No general rule can be laid down which will establish in every case what is a fair return or rental on real estate. Each case must necessarily depend upon the peculiar circumstances involved. Assessments, cost of mainte-

nance and repairs, the rate of interest, and many other elements may enter into the determination of that question. As well might it be said that a fixed price could be established for a suit of clothes, a pound of sugar, or a barrel of flour, as that a fixed sum could be established as a fair rental for the use of real estate. Usually, such prices are regulated by the supply and demand. What is a fair price in each case must necessarily depend upon evidence, which is but another way of saying that usually a question of fact is presented. It would indeed be an unusual case where the court could hold, as a matter of law, what is a fair return. Yet this is precisely what the trial court did, and the Appellate Division approved. The basis of the trial court's holding, it seems, was that the income from all the apartments, excluding the fair market value of the property and the cost of reconstructing the building, gave to the landlord a net income in excess of eight per cent. Argument is unnecessary to show that such conclusion is erroneous. Assume that tenants occupying ninety per cent of the apartments in a building pay largely in excess of what they should pay, and the other ten per cent pay less than they should, could it for a moment be contended that the ten per cent are paying all they should because the landlord is getting a rental from the entire building in excess of what he should? In fairness, each tenant should pay for the apartment occupied by him the fair proportion which his apartment would bear to the entire rent roll of the building. This is what the tenant is obligated to pay and what the landlord may expect. Indeed, this is precisely what was held in *Glenbrook Co.* v. *Hall* (209 App. Div. 869; affd., 240 N. Y. 570).

At the conclusion of the evidence there was a question of fact as to what was a fair and reasonable rental of the apartment occupied by the defendant, and that question should have been submitted to the jury. It could not be determined as a matter of law. (*Markwin Realty*

# 192 GLENBROOK CO. *v.* PHILLIPS.

*Corporation* v. *Geisler*, 210 App. Div. 845; *Stephens, Inc.*, v. *American Real Estate Co.*, 279 Fed. Rep. 435; *Rust* v. *Tucker*, 287 Fed. Rep. 1018; *Lincoln Gas Co.* v. *Lincoln*, 250 U. S. 256, p. 268.)

I am also of the opinion that the court erred in refusing to admit evidence of the fair market value of the plaintiff's premises as of the time to which the question here under consideration relates. (*Glenbrook Co.* v. *Hall*, *supra;* *Willcox* v. *Consolidated Gas Co.*, 212 U. S. 19; *Minnesota Rate Cases*, 230 U. S. 352.) This very question was passed upon in *Glenbrook Co.* v. *Hall*, and the ruling there made was affirmed by the Appellate Division and subsequently by this court.

I am of the opinion that the court erred in refusing to admit evidence of the cost of reconstructing the building as of the time involved in the trial of the issues. This point was also directly raised in *Glenbrook Co.* v. *Hall* (*supra*). There the court charged the jury as follows: " The cost of reconstruction obviously is a factor in fixing the market value." To this charge an exception was taken, which was one of the grounds of error alleged on appeal not only at the Appellate Division but in this court. (See, also, *Smyth* v. *Ames*, 169 U. S. 466; *Missouri ex rel. Southwestern Bell Telephone Co.* v. *Public Service Commission*, 262 U. S. 276; *Bluefield Water Works* v. *Public Service Commission of West Virginia*, 262 U. S. 679, p. 689.)

The order and judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment reversed, etc.